HORACE STONE, Respondent, *v.* JOHN M. VIMONT, Appellant.

### June 3, 1879.

1. In an action for damages for a breach of contract of hiring, testimony as to the competency of the employee, and as to his general fitness for the position for which he was employed, is inadmissible, the issue being whether he discharged his duties properly.

2. It is no ground for reversal that one instruction inferentially assumes a recovery, where others distinctly limit the conditions thereof.

3. A servant wrongfully discharged by his master cannot wait until the expiration of the period for which he was hired, and then sue for his whole wages, on the theory of constructive service. His action is for a breach of the contract.

4. It is the duty of an employee improperly discharged before his term of employment expires, to make reasonable exertions to obtain other employment, and his engagement in business for himself in competition with his late employer is no defence to his action for damages for a breach of the contract of hiring.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

BROADHEAD, SLAYBACK & HAEUSSLER, for appellant: A servant wrongfully discharged cannot wait until the end of the term for which he was hired, and recover for the whole time. — *Moody* v. *Leverich*, 4 Daly, 401; *McKeon* v. *Railroad Co.*, 42 Mo. 79; *Ream* v. *Watkins*, 27 Mo. 516. If discharged for cause, he is not entitled to any wages. — *Posey* v. *Garth*, 7 Mo. 94; *Westberg* v. *City*, 64 Mo. 502. The servant must possess the requisite skill and experience to enable him to perform his contract. — Fra-

zer's M. &. S. 56, 57 ; Wood's M. & S., sects. 115, 116. His want of skill or knowledge may be shown by testimony as to his incompetency. — *Squire* v. *Wright*, 1 Mo. App. 175. Measure of damages. — *Lambert* v. *Hartshorne*, 15 Mo. 551 ; *Sugg* v. *Blow*, 17 Mo. 362. A servant has no right to enter into competition with his late employer. — *Dieringer* v. *Meyer*, 42 Wis. 311.

B. D. LEE, for respondent, cited : *Gonsolis* v. *Gearhart*, 31 Mo. 585 ; *Squire* v. *Wright*, 1 Mo. App. 172.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff alleges in his petition that the defendant employed him as salesman in a wholesale boot and shoe store, under a contract for one year, commencing January 1, 1876, at a salary of $200 per month ; and that on April 10, 1876, the defendant, without any reason or provocation therefor, discharged the plaintiff from his service, and refused to allow any further performance of said contract ; that the plaintiff, at all times thereafter, was ready and willing to perform his undertaking, and frequently tendered his services to the defendant for that purpose, but the defendant always refused to accept them. He asks judgment for $2,000 damages. The answer sets up, among other defences, that the plaintiff, while in the defendant's service, did not keep and observe his part of the said contract, but, in violation thereof, was "incompetent, unskilful, unfaithful, negligent, and not diligent, but inattentive and unprofitable," and was therefore discharged for good and sufficient cause. The suit was commenced November 18, 1876. The plaintiff obtained a verdict and judgment for $1,353.33.

J. J. Zimmerman, a witness for the defendant, testified that he had been engaged in the business of selling boots and shoes for about thirty years, of which time twenty years were occupied in the wholesale business. He had known the plaintiff personally for eight or nine years, and

knew his characteristics as a salesman. He knew the defendant, and the general character of his trade. Counsel for the defendant asked the witness whether the plaintiff was a competent salesman, at the same time saying to the court that he expected to prove by the witness that the plaintiff was incompetent. An objection to the question, from the plaintiff's counsel, was sustained by the court; and this ruling is assigned for error.

We are referred to *Squire* v. *Wright*, 1 Mo. App. 172, as an authority in favor of the admission of the testimony offered. In that case, the plaintiff himself was the witness. The question put to him was not with reference to his general capacity or fitness for the position from which he had been discharged, but was whether he was competent to make certain estimates which the defendant claimed to be within the line of his duty. Here was a specific fact, of whose existence or non-existence no one could know better than the witness himself. The word "competent," although appearing in both instances, had an application in that case very different from that which it bears in this. The question put in the present case was evidently designed to draw from the witness a mere opinion as to the general fitness of the plaintiff for the position he had occupied, and as to whether his usual habits or methods were of a desirable kind for the interest of his employer. Such an opinion, however correct it might be, and even if given by an expert, under suitable circumstances, could have no relevancy to the real issue, which was whether the plaintiff had in fact discharged in a proper manner the duties required of him by the terms of his contract. The circumstances furnish no parallel with the facts in *Squire* v. *Wright*, and we find no error in the exclusion of the testimony.

The court instructed for the plaintiff as follows : —

" 1. In assessing plaintiff's damages, the jury will allow the plaintiff the contract price agreed upon between the parties, deducting any sum which he received in any busi-

ness carried on by him, and also any sum which he received, or might have received, as wages for similar services during the residue of the time for which he contracted to serve the defendant, up to November 18, 1876, the date of the commencement of this suit; but it rests upon the defendant to show what wages plaintiff received, or might have received, and also what sum he earned during that time.

"2. The court instructs the jury that if they believe from the evidence that the defendant, on or about the first day of January, 1876, employed the plaintiff as a salesman for the period of one year, at $200 per month, and that on or about the tenth day of April, 1876, plaintiff was discharged by defendant without good cause, and that plaintiff offered to serve defendant for the residue of the time, the jury will find for plaintiff, and assess such damages to him as he has suffered by reason of his discharge.

"3. The court instructs the jury that the law presumes that the plaintiff was competent, and possessed the necessary ability to perform the duties of said employment, and the burden of proof to the contrary is on the defendant."

The court, of its own motion, gave the following instructions : —

"1. The plaintiff cannot recover in this case unless the jury are satisfied, and find from the testimony, that the defendant hired the plaintiff for the full term of one year from January 1st, 1876, at the rate of $200 per month, as charged in the complaint.

"2. If the jury find from the evidence that plaintiff failed properly and skilfully to discharge his duties as salesman, which he had contracted to discharge, then the defendant had a right to discharge him, and the jury will find for defendant."

The defendant complains of the first instruction given for the plaintiff, because its opening words seem to assume that the verdict will be against the defendant. The instruction might have been more appropriately placed somewhat later

in the series. But, as the other instructions distinctly limit the conditions of the plaintiff's recovery, the jury could not be misled by the order in which they are numbered or arranged. The practice is to write each instruction on a separate piece of paper; and it cannot be assumed that the jury will yield to every possible inference that might arise from a single one, without any reference to the explanatory tenor of the others.

The defendant asked for several instructions, which were refused. We fail to find in them any well-grounded support of the defendant's claims which does not appear in the instructions given. Those given by the court of its own motion contain substantially all the affirmative points relied on in the defence.

It is objected that the plaintiff's first instruction was erroneous in its allusion to "wages" which the plaintiff might have received in other employments after his discharge, there being no evidence of any such wages earned by him. The allusion might well have been omitted. But, as its only possible effect, if any, would have been to reduce the amount of the plaintiff's recovery, it is not perceived how its presence could, in any event, prejudice the defendant. There can be no reversal for any such cause.

The defendant's counsel refer us to *Moody* v. *Leverich*, 4 Daly, 401, as an authority against any theory of the plaintiff's right of action in the present case. It was there held that a servant wrongfully discharged by his master cannot wait till the expiration of the period for which he was hired, and then sue for his whole wages on the ground of constructive service. His only remedy is an action for the breach of the contract of hiring. Such is unquestionably the law. But no principle involved in that ruling was violated in the present case. The instructions do not recognize any right of recovery in the plaintiff for a constructive service. Such a right would exclude any deduction on

account of profits realized by the plaintiff from other business, after he was discharged. The jury were directed to deduct such profits, as a means of reaching the amount of damage actually sustained by the plaintiff from the breach of the contract. He was thus subjected to the rule declared in *Hamilton* v. *McPherson*, 28 N. Y. 76, where it is said : " The law, for wise reasons, imposes upon a party subjected to injury from a breach of contract, the active duty of making reasonable exertions to render the injury as light as possible."

The defendant refers us also to *Dieringer* v. *Meyer*, 42 Wis. 311, and argues that the plaintiff should recover nothing, because after his discharge he went into the same sort of business on his own account, in competition with his late employer. There is no analogy between the two cases. In the case referred to, the servant, while yet in the service of his employer, engaged in a business for himself, in direct competition with the employer. The question was whether the master could lawfully discharge the servant for that cause, when the contract term of employment had not expired. It was held no breach of the contract to discharge the servant, because, as was said by Lord Ellenborough, " no man shall be allowed to have an interest against his duty." In the present case, the plaintiff went into the business in which, it may be presumed, he deemed himself most likely to succeed, only when the defendant had already discharged him ; and this, to the laudable end, whatever was intended, that he might, by his own exertions in earning a livelihood, " render the injury as light as possible."

All the judges concurring, the judgment is affirmed.