T. E. BENNETT, Respondent, v. ST. LOUIS CAR ROOFING COMPANY, Appellant.

**St. Louis Court of Appeals, November 10, 1885.**

1. CORPORATIONS — DIRECTORS — TRUST RELATIONS — CONTRACTS.— A contract between a corporation and a director thereof, embodied in a resolution for the passage of which the director's vote was necessary and was given, is invalid.

2. ———— An agreement to pay a director for past services rendered to the corporation, is deemed to be without consideration.

3. ———— PLEADINGS.—A petition which states that the plaintiff was employed as the secretary of a corporation at a given salary under a resolution passed by a majority vote of the board of three directors, of which he was one, does not state a valid contract.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Reversed and remanded.*

LEO RASSIEUR and DEXTER TIFFANY, for the appellant: Directors stand in the relation of trustees to the stockholders, and can not dispose of the trust property to promote their individual interests; hence, compensation fixed by themselves after they are elected, the office not being salaried prior to their resolution, the

resolution does not amount to a contract. *Dunstan v. Gas Co.*, 3 Barn. & Ad. 125-129 ; *Holder v. R. R. Co.*, 71 Ill. 106 ; *Cheeney v. R. R. Co.*, 68 Ill. 570. Fixing compensation of officers should be authorized by organic law or by-law, otherwise the stockholders have a right to presume that they are to act as trustees gratuitously. *Loan Ass'n v. Stonemetz*, 29 Pa. St. 536. There being no by-law or legal resolution, the vote of the board can not be considered a contract with the officer. *Butts v. Wood*, 37 N. Y. 318.

F. M. Estes, for the respondent: A corporation loses its general power of removal after it makes a special contract. In such case it is bound like a private person. *Trustees v. Shaffer*, 63 Ill. 243. Where it is shown that a railway director rendered services for the company apart from his duty as director, he may recover for such services. *R. R. Co. v. Sage*, 65 Ill. 328. When a director of a railway company is appointed by a resolution, an agent to perform duties not pertaining to his office of director, he may recover for such services when rendered by him. *Cheeney v. R. R. Co.*, 68 Ill. 570; *Shackelford v. R. R. Co.*, 37 Miss. 202.

Rombauer, J., delivered the opinion of the court.

The plaintiff's petition states that on or about July 1, 1883, he was, by a majority vote of the board of directors of the defendant, elected to fill the position of vice-president and secretary of the defendant for the period of one year. That, on said above mentioned date by a majority vote of the board of directors of the defendant, a salary of one hundred and fifty dollars per month was voted the plaintiff for his services as aforesaid.

That the plaintiff performed all of the services incident to said office and incumbent upon him as such vice-president and secretary, for the period of one year. That he had been paid on account for said services the sum of one thousand and fifty dollars, leaving a balance due the plaintiff of seven hundred and fifty dollars ; that

he has demanded of the defendant said sum, and payment thereof has been refused; wherefore he prays judgment.

The answer admits all the allegations in the plaintiff's petition, except that any balance was due to him, and sets up by way of avoidance, that the plaintiff was one of the directors of said company, and that he being present at a meeting of said board of directors held December 28, 1883, it was determined by a majority vote of the said board that from and after February 1, 1884, the office of vice-president and secretary should cease to be a salaried office. That the plaintiff was fully paid up to said first day of February, 1884, etc.

The reply admitted the resolution of December 28, 1883, in the defendant's presence, but claimed that it was passed against the defendant's protest, and then states, "the plaintiff for a further reply states that the board of directors of the defendant, was composed of only three persons, and the plaintiff denies that he is bound by the action of said board of directors."

On the trial of the cause the defendant offered in evidence the resolutions of the board of directors of July 6, 1883, and December 28, 1883; but the court rejected the evidence as immaterial, stating that the plaintiff was entitled to judgment upon the admissions contained in the pleadings, and rendered judgment accordingly.

Whether this ruling of the court was correct, is the only matter submitted for our consideration upon this appeal.

That directors stand in the relation of trustees to the stockholders, and can not dispose of the trust property to promote their individual interests, may be conceded. That, however, does not prevent their employing in good faith, one of their number to perform services for the corporation, which are not necessarily incident to his duties as director. The compensation, however, should be fixed by by-law or resolution before the services are actually rendered, so as to contain the necessary elements of a contract supported by sufficient consideration.

In *Dunstan v. Gas Co.* (3 Barn. & Ad. 125); *Loan*

*Ass'n. v. Stonemetz* (29 Pa. St. 536); *Holder v. R. R. Co.* (71 Ill. 106), and *Butts v. Wood* (37 N. Y. 318), which are relied on by the defendant appealing herein, the vote or resolution giving the directors compensation was providing compensation for past services, and was, therefore, not supported by a sufficient consideration. We are, therefore, of opinion that if the admissions of the pleadings warrant a judgment in favor of the plaintiff in other respects, the fact admitted, that he was a director of the corporation, is no ground in itself for disturbing the judgment rendered.

But do the pleadings in this case admit a valid contract between the plaintiff and the defendant, whereby the plaintiff was employed by the defendant for the period of one year, at a fixed compensation? Unless these facts stand admitted by the pleadings, the judgment of the court can not be supported. The petition avers no such employment, unless it can be inferred from the allegations that "by a majority vote of the board of directors, plaintiff was elected to fill the position of vice-president and secretary of defendant for the period of one year," and that "by a majority vote of the board of directors, a salary of one hundred and fifty dollars per month was voted plaintiff for his services as aforesaid." These allegations do not state the fact of employment of the plaintiff by the defendant for a time certain at a fixed salary, but the evidence by which such employment of the plaintiff is sought to be established. They also fail to show when the year was to begin or end, or whether the aforesaid services were the plaintiff's services as an officer from month to month, or during the entire year. The answer admits no more than the petition states. That averments in pleadings where they admit of a double sense, have to be taken in the sense most strongly against the pleader proffering them, is elementary; and as there was no evidence adduced, but judgment rendered upon the pleadings, the rule, that defective averments are cured by verdict, has no application.

There is, however, a further and more serious objection to the ruling of the court. The pleadings admit that the board of directors consisted only of three members, of whom the plaintiff was one. If the salary was voted to him by a majority vote of the board of directors, the inference is not negatived that his own vote accomplished this result; his vote and that of one other director. An inference of a valid contract does not, therefore, arise necessarily, although his allegations be literally true, because, as we said in *Patrick v. Gas Co.* (17 Mo. App. 462), the director must establish his contract by proof that he dealt with other agents of the corporation who had power to act in the premises. To the same effect is *Butts v. Wood*, (37 N. Y. 318). If his own vote was essential to give life to the contract of employment and compensation, then the contract can not be upheld against the corporation.

We must hold that the court committed error in rendering judgment in favor of the plaintiff upon the pleadings. The parties should have leave to amend their pleadings before a re-trial of the cause, so that the merits of the controversy can be fairly determined by the proof.

The judgment is reversed and the cause remanded. All the judges concur.