I. E. BENNETT, Appellant, v. ST. LOUIS CAR ROOFING
COMPANY, Respondent.

23   587|
96   ²617|

### St. Louis Court of Appeals, December 7, 1886.

1. CORPORATIONS—OFFICERS—SALARY CONTRACTS.—A charter officer having been elected for one year, a resolution fixing his salary at a sum certain per month does not necessarily fix that rate for the year.

2. MASTER AND SERVANT—ACTIONS FOR VALUE OF SERVICES—WRONGFUL TERMINATION OF CONTRACT. — One hired for a period certain, and wrongfully discharged before its expiration, can not recover on the theory of constructive service for services he has never performed. His proper action is for damages caused to him by the wrongful discharge.

APPEAL from the St. Louis Circuit, Court AMOS M. THAYER, Judge.

*Affirmed.*

FRANK M. ESTES, for the appellant : Contracts for personal services are entire, and can not be apportioned. The obligations of the parties are reciprocal. *Garp v. Tyler*, 73 Mo. 617; *Dorrus v. Smit*, 15 Mo. App. 583; *Hanel v. Freund*, 17 Mo. App. 620; *Henson v. Hampton*, 32 Mo. 408; *Arnold v. School Dist.*, 73 Mo. 226; *Plummer v. Frost*, 81 Mo. 425. The company had no right to discharge the plaintiff, except for cause. The company exceeded its powers by the resolution of December 28. *Cheney v. Railroad*, 68 Ill. 570; *Trustees, etc., v. Shaffer*, 63 Ill. 243. In construing an instrument, the evident intention of the parties should be taken into consideration to give it its proper legal effect. 2 Pars. on Cont. 623; *Mallan v. May*, 13 M. & W. 511; 14 L. J. Ex. 48; *Rubey v. Coal & M. Co.*, 21 Mo. App. 167.

Leo Rassieur & Dexter Tiffany, for the respondent: In a suit for services rendered under a contract, the plaintiff can recover only if he proves the existence of the contract, and also its performance. *Eyermann v. Mt. Sinai Cem. Ass'n*, 61 Mo. 491.

Rombauer, J., delivered the opinion of the court.

On the first trial of this cause the court below rendered judgment in favor of the plaintiff on the admissions of the answer. We held on the defendant's appeal that the averments of the pleadings did not admit of that disposition of the cause, and remanded it for new trial. 19 Mo. App. 349.

The pleadings were amended before the cause was re-tried. The contention between the parties was whether the plaintiff had a contract with the defendant corporation for an annual hiring at a fixed compensation, and whether he had performed the services contemplated by such contract. The petition asserted the affirmative of these two propositions, and claimed a balance due, which is admitted to be correct, if the two propositions are established by the evidence. The answer denied both propositions.

The plaintiff relied upon the following minute entry in the corporate records, as constituting the contract sued upon.

"July 1, 1883.

"The election of officers for the ensuing year took place, and the following officers were unanimously elected: Theodore Plate, pres. and treas.; Thomas E. Bennett, v.-pres. and secretary, and John C. Wand, sup. and contr. agent. On motion of Mr. Plate, the salaries of the above named officers were fixed at $150 per month for each person."

The plaintiff also gave evidence tending to show that besides the routine duties of secretary, he was expected to, and did, for a time, do other duties for the corporation, such as keeping accounts, collecting bills, etc. None of these additional duties, however, were performed after February 1, 1884.

The defendant relied on the action of its board in December, 1883, resolving that from and after February 1, 1884, the office of secretary would cease to be a salaried office, and gave evidence tending to show that the plaintiff, even prior to that date, failed and refused to perform such additional duties, as the contract of hiring contemplated.

The court declared the law to be that the resolution of July 1, 1883, offered in evidence, was a contract for hire by the month. That such contract was terminated, by the resolution of December 28, on the first of February, 1884, and as the plaintiff admits to have been paid in full to February 1, 1884, he could not recover.

The court, thereupon, found for the defendant.

The plaintiff appealing assigns this declaration of law for error, and claims that the judgment should have been in his favor on the uncontroverted facts.

We are inclined to hold that the declaration of law made by the court was proper. The mere election of the plaintiff as a corporate officer for a year, gave him no vested right to enjoy a compensation during the entire year, which was fixed, by resolution, on a monthly basis, unless the hiring was such that the plaintiff, too, became bound by it for the entire year. But this appears neither by the resolution nor by the testimony *dehors*. Regardless of that fact, however, the plaintiff is in no position to complain, because the testimony is clear that he agreed to perform certain duties for the stipulated compensation, and that after February 1, 1884, he failed to per-

form them. As he avers performance and fails to prove it, he can not recover damages for a wrongful discharge. The two actions are different in their scope and measure of damages. *Ream v. Watkins,* 27 Mo. 517; *Sherman v. Champion Transit Co.,* 31 Vt. 162.

All the judges concurring, the judgment is affirmed.