AUSTIN M. EVANS, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, January 4, 1887.

1. MASTER AND SERVANT—PERIOD OF HIRING.—The mere fact that the rate of compensation is agreed upon between master and servant

at a certain sum per month or per year, does not, in the absence of other evidence, fix the period of hiring at one month or one year.

2. —— The period of hiring being determinable at the will of either, the master's statement to the servant that his compensation thereafter would be so much per month does not raise any inference of a new hiring from that day for at least one month.

3. —— WRONGFUL TERMINATION OF CONTRACT.—A servant wrongfully discharged before the expiration of his term of service can not recover on the theory of constructive service, but his action is for damages for the wrongful discharge.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Reversed and judgment.*

H. G. HERBEL, for the appellant: A hiring at so much a day, month, or year, no time being specified, is an indefinite hiring terminable at the will of either party. *Finger v. Brewing Co.*, 13 Mo. App. 311; *Boogher v. Maryland Ins. Co.*, 8 Mo. App. 533; *De Briar v. Minturn*, 1 Cal. 450; Wood on Master and Servant, 262-3. A servant's remedy for wrongful discharge before the expiration of his term, where he seeks a recovery for the full term, is an action for damages for breach of contract and not for wages earned, the doctrine of constructive service not being recognized in this country. *Stone v. Vimont*, 7 Mo. App. 277; *Moody v. Leverich*, 4 Daly, 401; *Willoughby v. Thomas*, 24 Grattan [Va.] 524; Wood on Master and Servant, 246; *Ricks v. Yates*, 5 Ind. 115; *Wood v. Mayes*, 1 W. & R. 166.

E. A. B. GARESCHÉ, for the respondent: Under the evidence in this case the hiring of the plaintiff was by the month, and not at will. *Bleeker v. Johnson*, 51 How. Pr. 380; *Beach v. Mullen*, 34 N. J. Law, 343.

ROMBAUER, J., delivered the opinion of the court.

This cause was heretofore before us and is reported in 16 Mo. App. 522, 527. The judgment obtained by

the plaintiff on the former trial was reversed, owing to the misdirection of the jury by instructions given on behalf of the plaintiff. The cause was re-tried with the same result.

The defendant again appealing now assigns for error, that there was not on the last trial of the cause any substantial testimony on the part of the plaintiff, in support of his claim that he was hired for any definite period, and that the court erred in submitting the case to the jury on the basis of a claim for services performed during a stated period for a compensation agreed upon, when it appeared by the plaintiff's own evidence, that he had been paid for all the services he had actually performed, and could at best only recover damages caused to him by a wrongful discharge.

The main facts of the case are stated in our former opinion. On the trial, resulting in the judgment from which the present appeal is taken, the only evidence bearing on the terms of the hiring was given by the plaintiff himself, whose evidence on that subject was as follows :

That, having been in the defendant's employ for some time as an engineer, running an engine on mileage terms, and the defendant receiving some large engines, the plaintiff on or about the seventh or eighth of January applied for the position of engineer on one of these engines, and received on the tenth of January a letter from the defendant, stating "Mr. Evans, Engineer. Take engine one hundred and forty-three as regular." That next day he met the master mechanic of the defendant, and asked him what the company was going to pay for these engines, and was told one hundred and fifteen dollars a month, twelve hours rest at each end of the road, and a regular crew, and for each man to stay with his own engine. That other men drew the same amount, as monthly men, as he did.

In answer to certain questions on cross-examination touching the nature and duration of the contract, which

he claimed to have made, the plaintiff gave the following evidence:

Q. "Now I would like to know, Mr. Evans, how long this contract was to last? Did Mr. Harris say that it was to be for a day or for any length of time? A. He did not say whether it was for a day, or month, or year, or what time."

Q. "He did not? A. No, sir; one hundred and fifteen dollars a month."

Q. "Well, then, if there was a contract of that kind made on the tenth, it would only run up to the first of next month? A. When the contract was made he did not say from when it ran, from the first, may be, or from the tenth, or otherwise. I agreed to work my month out."

Q. "There was never any distinct agreement between you and Mr. Harris as to the length of time you were to be employed, nor as to when your employment began, or when it was to end? A. No, sir."

Q. By the court. "What is your recollection of that occurrence? A. All the contract as made by Mr. Harris was one hundred and fifteen dollars a month; did not say when it started or when it was to end."

It was said in *Beach v. Mullen* (34 N. J. Law 345), that if the payment of monthly or weekly wages is the only circumstance from which the contract is to be inferred, it will be taken to be a hiring for a month or a week. In that case the contract of hiring was that the plaintiff should work for the defendant for sixteen dollars a month, and nothing further was said as to the term of service.

On the other hand, this court held in *Finger v. Brewing Company* (13 Mo. App. 311), that an indefinite hiring, at so much per day, per month, or per year is a hiring at will and may be terminated by either party at any time, and that case was decided in favor of the defendant, although the plaintiff stated that the bargain was for the whole year, twenty-two hundred dollars,

simply because in detailing the conversation of hiring, it appeared that the only evidence of a hiring for a definite period, was the yearly rate of compensation. Such is also impliedly held in *De Briar v. Minturn* (1 Cal. 450).

If there is any conflict in these cases, we are bound to follow former rulings of this court. Applying such former rulings to the testimony in this case we can not conclude that there was substantial testimony of a hiring for the definite period of one month. The fact that at the date of the alleged conversation the plaintiff was already in the employ of the defendant, and that there is nothing in the evidence on which to predicate the date of the beginning and ending of the month, only fortifies that view.

There is another fatal objection to the verdict, and that is that the plaintiff's claim was put to the jury on the basis of services performed, when the action if any was for damages caused by a wrongful discharge. We have had occasion at the present term to state that the two actions are different in their scope and measure of damages. *Bennett v. St. Louis Car Roofing Co.*, 23 Mo. App. 587.

The plaintiff could not recover wages for constructive service, where no services were rendered. *Moody v. Leverich*, 4 Daly, 401, 403, 404; *Willoughby v. Thomas*, 24 Gratt. 524, 530, 532; *Ricks v. Yates*, 5 Ind. 115, 118, 119; *Stone v. Vimont*, 7 Mo. App. 277, 281. For the services which the plaintiff has performed, he himself admits he has been paid, with the exception of the $12.75, which have been deducted for his board bill, as he claims without authority.

We are of opinion that there is substantial evidence showing that the plaintiff is entitled to this amount with interest, and that to that extent, but no further, the verdict of the jury is supported by substantial evidence. As the cause has been repeatedly tried, and no other result can be accomplished by a re-trial, we will not remand it, but enter judgment here.

All the judges concurring, the judgment is reversed, and judgment entered in this court for the plaintiff for $15.85 ; the respondent to pay the costs of this appeal.