JOHN P. HAX, Appellant, v. THE R. T. DAVIS MILL COMPANY, Respondent.

Kansas City Court of Appeals, December 2, 1889.

*Rehearing denied, March 1, 1890.*

1. **Corporations:** NUMBER OF DIRECTORS. Though the directory of a corporation is in fact composed of a greater number of members than allowed by the charter, if the stockholders do not complain, but acquiesce, the acts of such directory, otherwise regularly had, will bind the corporation.

---

Hax v. Davis Mill Co.

---

2. ———: DIRECTORY: QUORUM: MAJORITY. In the absence of anything to the contrary in the charter or by-laws, a majority of the directory will constitute a quorum, and a majority of that quorum can do the business of the board, and the fact that plaintiff, a member, was present at the meeting but abstained from voting will not vitiate the action of the board fixing his salary as president of the corporation.

3. ———: SALARY FIXED WITHOUT BY-LAW. Where a motion fixing the salary of an officer of a corporation is passed before the services are rendered, such action of the board will be sufficient, though there is no law establishing such salary.

*Appeal from the Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

REVERSED AND REMANDED.

*E. E. Zimmerman,* for the appellant.

(1) 2 Morawetz, 774 and 772; *Hotel Co. v. Hunt,* 57 Mo. 126; *Road Co. v. Climms,* 16 Mo. 359; *State ex rel. v. Kupferle,* 44 Mo. 154. (2) The election of directors in excess of the number mentioned in the charter would simply be a violation of a provision or condition incorporated therein for the benefit of the stockholders, and not for the protection of the people of the commonwealth. It might enable the stockholder to call into requisition that provision of the statute made for his protection. Gen. Stat., p. 119, sec. 722; *Broadwell v. Merritt,* 87 Mo. 101; 2 Morawetz [2 Ed.] p. 672, secs. 672, 673, 674, 675, 676; p. 704, sec. 707. (3) The question of the legality of the election of the directors, who elected John P. Hax president of the R. T. Davis Mill Company, cannot be inquired into collaterally. *Bornfild v. Kupferle,* 44 Mo. 154; *Railroad v. McPherson,* 35 [Mo. 13, 14; *Ins. Co. v. Holmes, Adm'r,* 68 Mo. 601; Gen. Stat., p. 119, sec. 722; Field on Corporations, p. 520, sec. 453; p. 525, sec. 457. (4) If more directors are elected, and permitted to perform the duties of directors, than provided for by the charter of a corporation, such

directors become directors *de facto*, and until restrained from performing the functions of such office their acts are 'binding upon the corporation. Gen. Stat., p. 119, sec. 722; 2 Morawetz, p. 640, secs. 638, 639, 640; 20 N. H. 59; 44 Mo. 154; 1 Morawetz, p. 507, sec. 507; 2 Morawetz, p. 525, secs. 524, 525; p. 527, sec. 527; Gen. Stat., p. 120, sec. 730; p. 120, secs. 726, 730; p. 116, sec. 706. (5) It is too late to object to the election of an officer after the time for which he was elected has expired. 45 Penn. 59; 2 Morawetz [2 Ed.] p. 750, sec. 750; p. 685, sec. 685; p. 764, sec. 764; p. 766, sec. 766; p. 769, sec. 769; 25 Mo. App. 642. (6) The question whether or not a party was a director, had or had not the right to vote, can only be raised in a case in which the person complained of was a party. *Sav. Ass'n v. Printing Co.*, 35 Mo. (7) Compensation of the officers of a corporation. Statute, p. 116, sec. 706; 29 Kansas, 311; *Bank v. Drake*, 34 Mo. 375 ; 23 Mo. 526; 1 Morawetz [2 Ed.] p. 527, secs. 526, 527; 29 Kansas, 311; 1 Morawetz [2 Ed.] p. 489, sec. 489; Gen. Stat., p. 119, sec. 722.

*Green & Burnes* and *Lancaster, Hall & Pike*, for the respondent.

(1) The question presents the moral aspect of the case which the appellant's counsel ignores. Plaintiff could not vote himself a salary. An agent cannot bind his principal in a contract with himself. *Bennett v. Roofing Co.*, 19 Mo. App. 249; *Ward v. Davidson*, 89 Mo. 454; *Butts v. Woods*, 37 N. Y. 318; *Packet Co. v. Davidson*, 95 Mo. 467; *Patrick v. Gas Co.*, 17 Mo. App. 462; *Bank v. Iron Co.*, 97 Mo. 45; *Michand v. Girod*, 4 How. 555; *Rea v. Copelin*, 47 Mo. 76; *Grumley v. Webb*, 44 Mo. 444; *Smith v. Williams*, 12 Mo. 106; *Hull v. Voorhis*, 45 Mo. 559; *Gaines v. Allen*, 58 Mo. 537; Morawetz [2 Ed.] sec. 508; 37 N. Y. 319. (2) But a director may contract with his corporation, provided

his contract is made with other agents of the corporation who have power to act. "If his own vote is essential to give life to the contract, then the contract cannot be upheld against the corporation." 19 Mo. App. 353; 89 Mo. 454. (3) What difference can there be between the plaintiff's voting for the salary himself, and voting Bennett an irregular director to decide between the other two directors on the same question? (4) The by-law, alleged to have been enacted by defendant, provided that the president should receive a salary to be fixed by the board. The general manager or any other general officer could not agree with him on the subject. The by-law controlled, and plaintiff accepted the office without salary unless the board fixed it. The only members of the board competent to act were Davis and Fred Hax. They could not agree; the plaintiff could not vote on the question, and the board, therefore, could not act. *Ellis v. Ward*, 20 N. E. Rep. 678, and cases cited. (5) The claim that Bennett was a *de facto* director is not legally possible. *De facto* sometimes gets into *de jure's* place; but *de jure* must have a place to fill if *de facto* is to get into it. There was no director number 4 *de jure*, and could be no director number 4 *de facto*. (6) The appellant says that the only remedy for the fraud of Bennett's "election" and conduct is by some proceeding under section 722 *et seq.*, of the Revised Statutes. A moment's reflection would have saved him the trouble of presenting that question to this court. The corporation is sued in this case and not Davis. The statute cited provides a summary remedy to any director or stockholder for an electoral grievance committed by the majority. This proceeding is not necessary when the corporation itself will procure or seek the remedy. *Dodge v. Woolsey*, 18 How. 331; *Memphis City v. Dean*, 8 Wall. 73; *Hawes v. Oakland*, 104 U. S. 450; *Buckley v. Iron Co.*, 77 Mo. 106. (7) Hax was not entitled to compensation, unless a majority of the

corporation gave it to him. The directors, without the authority of a by-law, could not vote it to him. Morawetz [2 Ed.] sec. 508; *Sawyer v. Bank*, 6 Allen, 207, and cases cited at pages 209, 210; *Ellis v. Ward, supra.*

ELLISON, J.—This action is instituted to recover of defendant, a milling corporation, a salary alleged to be due plaintiff as president of the corporation. The answer admits he was president of the corporation but denies that a salary was even legally voted to him by the directory. At the conclusion of plaintiff's case the court sustained an instruction in the nature of a demurrer to the evidence. Thereupon plaintiff took a non-suit, and failing to have it set aside, has brought the case here.

It appears from the testimony on behalf of plaintiff that the owners of the entire stock of the corporation were plaintiff, his brother Fred Hax, W. D. Bennett and R. T. Davis. The first three appear to have been acting together, while Davis seems not to have been in accord with them. In fact this litigation results from a contention or misunderstanding between Davis, a principal stockholder, and the others. Each of these were directors of the corporation and together composed the full directory. W. D. Bennett was secretary, and up to October 26, 1886, Davis was president, but on that day plaintiff was elected president and Bennett re-elected secretary. The board adjourned to October 28, at which meeting the question of salaries "was held over until next meeting." This meeting took place February 7, 1887, all the directors being present, when salaries were adjusted as per the following record : "On motion of W. D. Bennett that the president receive a salary of three thousand dollars per year from February 7, 1887, to October 1, 1887 ; motion seconded by Fred Hax, and carried. Votes were as follows : Yeas, Fred Hax, director; W. D. Bennett, director; noes,

R. T. Davis, director. Motion carried." "On motion of Fred Hax that the secretary receive a salary of twenty-five hundred dollars from October 1, 1886, to October 1, 1887; motion seconded by W. D. Bennett and carried. Votes were as follows : yeas, Fred Hax, director; yeas, W. D. Bennett, director; noes, R. T. Davis, director; seconded and carried." "On motion of W. D. Bennett that the salary of the manager be fixed at twenty-five hundred dollars per year from October 1, 1886, to October 1, 1887, seconded by Fred Hax, and carried. Votes were as follows : Yeas, Fred Hax, director; yeas, W. D. Bennett, director; noes, R. T. Davis, director; seconded and carried."

At the next meeting of the board held August 10, 1887, plaintiff, Fred Hax and Bennett, each having sold his stock to Davis, resigned their directorship, and Davis having transferred one share of stock each to John Calhoun, William Smalley and James M. Wilson, they were elected as codirectors with Davis. It thus appears that plaintiff's salary was fixed on the vote of three of the four directors, plaintiff himself not voting, but Fred Hax and Bennett voting for the salary and Davis against it. The contention urged in defendant's brief, in support of its demurrer to the testimony, is that as it was admitted that the charter provided for only three directors, that the vote of Bennett, whom the defendant calls the fourth director was illegal and of no effect, thus leaving the proposition of a salary lost instead of carried, as entered on the minutes. One principal difficulty with this contention is that we can discover no warrant, so far as is disclosed by the record before us, for the assertion that Bennett was any more the fourth director than either of the others. There appears to have been four directors elected without protest from any one, and at the meeting at which Davis was restored to control three were again elected, *vice* those retiring, with which Davis, as president, constituted the board. The fact that John P. and Fred

Hax and R. T. Davis had been directors prior to this, does not make their election at this time any more legal than Bennett's. Their time had expired and their election, connected with Bennett's, was just as if any others had been elected.

The question then resolves itself to this: Are the acts of a directory invalid, on the ground merely that the body is composed of a greater number than allowed by the charter? We think that they are not. If the stockholders do not complain, but acquiesce, the acts of the directory, otherwise regularly had, will bind the corporation. This is especially so as regards its relations with strangers. And is likewise so in its relations with its officers, at least if there is acquiescence on the part of all the shareholders. In the present case four directors have been elected without protest or objection, at a meeting composed of all the stockholders. Indeed the four directors elected held all the stock, and four directors were still retained when the corporation was reorganized under the control of R. T. Davis.

II. Conceding that the directory, though composed of four members, could act for the corporation, did they act on the question of salary? The record shows that all four were present at each of the meetings at which the salary question was up. At the meeting when plaintiff's salary was fixed, the vote on that question stood, for the salary two, and against it one; plaintiff not voting. There is no question as to plaintiff's disqualification to vote on his own salary. *Ward v. Davidson*, 89 Mo. 454; *Bennett v. Roofing Co.*, 19 Mo. App. 349. It appears then that a majority of all the directors voted on the question and that a majority of those voting voted for the resolution, and, in our opinion, legally adopted it. In the absence of anything to the contrary in the charter or by-laws, a majority will constitute a quorum and a majority of that quorum can do the business of the board. Morawetz Corporations, secs.

467, 531. The fact that plaintiff was present at this meeting will not alter the rule. He abstained from voting for the reason that he could not vote on the question and the proceedings will be given the same effect as if he had been absent.

Suggestion is made that without the authority of a by-law a salary could not be voted, and in the absence of such law plaintiff will be presumed to have accepted the office without salary.

But in this case, conceding there was no by-law strictly speaking, there was a resolution or motion adopted, as has been pointed out, and such will be deemed sufficient. *Ellis v. Ward*, 20 N. E. Rep. 671 (Illinois, 1889). In that case, it is held that the by-law or resolution should be adopted before the services are rendered, and in this connection we will observe, that the resolution here only authorized a salary, on and after its adoption. The question of fraudulent combination on the part of plaintiff, his brother and Bennett, is of course not considered. Our opinion is that the trial court erred in sustaining the demurrer to the testimony and the judgment will therefore be reversed and the cause remanded.

All concur.

*Rehearing denied, March 1, 1890.*