GEORGE L. DAVIS, Respondent, v. PIONEER LIFE INSURANCE COMPANY OF AMERICA, formerly ST. LOUIS NATIONAL LIFE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, June 1, 1914.

1. CONTRACTS: Attorney and Client: Termination. The plaintiff sued to recover from the defendant the balance due on a contract of employment for one year. On March 22, 1911, the

181 App. 23

plaintiff was elected a director and also general counsel of defendant company for the ensuing year or until the next annual meeting of the stockholders which would be held in January, 1912. On May 13, 1911, the defendant was discharged from the employment. *Held*, that the plaintiff's contract being for a definite period which ended on the date fixed for the stockholders' meeting, the true measure of his damage does not include compensation for a longer time.

2. ———: ———: ———: Indefinite Hiring. An indefinite hiring is a hiring at will and may be terminated by either party at any time and if terminated by an employer no action will lie for a wrongful discharge of the employee. The question whether the hiring was for a definite or indefinite time always is a question of the intention of the parties as expressed in their contract.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn,* Judge.

REVERSED AND REMANDED.

*Howard & Washburn* for appellant.

*Paul R. Stinson* and *E. R. Busiek* for respondent.

JOHNSON, J.—This is a suit to recover damages for the breach of a contract of employment. Plaintiff, a practicing lawyer in Kansas City, alleges in his petition that on March 22, 1911, the defendant Insurance Company entered into a contract with him by the terms of which it employed him "as its general counsel for the period of one year . . and agreed that in consideration of plaintiff performing the duties of general counsel and legal adviser for defendant for said period the defendant would pay him for such services the sum of $1800" and "that on or about May 13, 1911, defendant without just cause or excuse, wrongfully discharged plaintiff from its employment and wrongfully refused to allow plaintiff to continue to perform his duties as general counsel as provided by said contract." The petition admits payment of $275

Davis v. Insurance Co.

on account of the services rendered under the contract and the prayer is for judgment in the sum of $1525. The suit was begun in the circuit court of Jackson county after the expiration of one year from the date of employment. The principal defense is that the employment was not for one year but for an indefinite period and, therefore, was revocable at the will of defendant.

It appears from the evidence that certain friends and clients of plaintiff obtained control of a majority of the capital stock of the defendant corporation, the headquarters of which were at St. Louis, and at a meeting of the board of directors regularly called and held on March 21, 1911, changes were made in the personnel of the board and of the executive officers and it was decided to move the general office from St. Louis to Kansas City. Plaintiff was elected to fill a vacancy caused by the resignation of one of the directors and was also elected general counsel at a salary of $1800 per year. Other officers were elected at the same time and the minutes show that they "were elected to serve during the ensuing year or until the next annual meeting of stockholders." These minutes were regular and were signed by the president and secretary. Plaintiff entered upon the performance of the duties of general counsel and continued in the employment until May 13, 1911, when the board of directors at a regular meeting passed a resolution that he "be and is hereby for good and sufficient cause removed as a director and general counsel of this company forthwith" and he was summarily dismissed from the employment. He and his associates had lost control of a majority of the stock, in a manner not now important, and were displaced from the directorate and executive offices to give places to their successful antagonists. Though the resolution recites that the discharge of plaintiff was "for good and sufficient cause" there is evidence tending to show that the new directors were moved to such

action by no other reason or motive than that of sub-
stituting their own lawyer, with whom they had sus-
tained close and intimate relations for many years,
for plaintiff, a comparative stranger. As one of the.
directors expressed it, "We wanted to put in our own
attorney—a man's attorney is, or is with me, the same
as his doctor. I want the man I believe in." Plaintiff
demanded that he be retained in the office of general
counsel, challenged the authority of the board to re-
move him and notified the board that he would resort
to litigation to enforce his rights under the contract.
His demand and threat were ignored and he was not
allowed to perform any of the duties of his office. The
next annual meeting of the stockholders following the
date of the employment was fixed on some date in Jan-
uary, 1912. The precise date is not shown but we infer
that defendant's by-laws prescribed a day in January
for the holding of such meetings.

Counsel for defendant argue that the demurrer to
the evidence should have been sustained on the ground
that the contract of employment, as shown by the min-
utes, was for an indefinite term and that defendant had
the right to terminate it at will.

The rule is well settled that an indefinite hiring is
a hiring at will and may be terminated by either party
at any time and if terminated by the employer no ac-
tion will lie as for a wrongful discharge of the em-
ployee. [Brookfield v. Drury College, 139 Mo. App.
l. c. 365, and cases cited.] A general hiring is pre-
sumed to be a hiring at will and if the employee sues
to recover damages for a wrongful discharge the bur-
den is on him to plead and prove that his hiring was
for a definite time. [Finger v. Brewing Co., 13 Mo.
App. 310.] The mere fact that the rate of compensa-
tion is agreed upon at a certain sum per month or per
year alone would not suffice to establish the fact of a
definite hiring for such period (Evans v. Railway, 24
Mo. App. 114) though it may be considered as of evi-

dentiary value in the ascertainment of the intention of the parties. The question of whether a hiring was for a definite or an indefinite time always is a question of the intention of the parties as expressed in their contract. Thus in Bennett v. St. Louis Car Roofing Co., 23 Mo. App. 587, it was held that the mere election of an officer of a corporation "for the ensuing year" at a salary of $150 per month "gave him no vested right to enjoy a compensation during the entire year, which was fixed by resolution, on a monthly basis, unless the hiring was such that the plaintiff, too, became bound by it for the entire year. But this appears neither by the resolution nor by the testimony *dehors*." In other words the absence of any proof that plaintiff bound himself to serve the corporation during the ensuing year, coupled with the fixing of his salary upon a monthly basis, induced the court to construe the contract as expressing the mutual intent that the hiring should not be for the definite period of one year but should be terminable at will.

There are essential differences between the facts of that case, which we think was correctly decided, and the facts of the case in hand. By entering upon the discharge of the duties of general counsel plaintiff accepted the terms of employment stated in the minute entries we have noted which, thereupon, constituted the contract of employment. The agreement that he should serve the defendant as general counsel for the ensuing year, or until the next annual meeting of the stockholders, at a salary of $1800 per year, clearly expressed the intention that the employment should not be at will, i. e., subject to be terminated at any time by either party, but was to be for a definite time. In no event was it intended that the employment should end before the arrival of the earlier of the two mentioned events. The time of the occurrence of each was definitely fixed and was known to both parties at the time of the hiring. The end of the calendar year would

occur in March, 1912, the next annual stockholders' meeting was set for a date in January, 1912. Had the parties intended that the expiration of the calendar year would be the end of the definite term of employment they would not have inserted the alternative provision which obviously gave to each party the right to end the service on the earlier date set for the stockholders' meeting. The earlier date, therefore, marks the limit of the definite time in which neither party could terminate the employment without incurring liability to the other for the resulting damages. On the arrival of that day the employment became terminable at will, but if not then terminated by either party, would continue to the end of the calendar year. It was as though defendant had said to plaintiff "we will hire you at $1800 per year, until the annual meeting of the stockholders in next January and thereafter until the end of the calendar year unless we become dissatisfied with the relation and desire to discontinue it."

In answer to the argument that this was a hiring for the calendar year subject to the right reserved by the corporation to terminate it at the annual stockholders' meeting, it is sufficient to say that the very existence of such right precludes the idea of a definite employment beyond the time fixed for its exercise.

The verdict and judgment were for the full amount of plaintiff's demand which, as shown, is based on the erroneous idea that his definite employment was for the period of a calendar year. His contract being for a definite period which ended on the date fixed for the stockholders' meeting, the true measure of his damages does not include compensation for a longer time. The evidence of plaintiff reveals a cause of action but the judgment must be reversed and the cause remanded for the error just noted. We suggest to plaintiff the advisability of amending the petition to state a cause of action in conformity with the one we have found his evidence will sustain.

As the case may be retried we deem it necessary to say that the fourth instruction given at the request of plaintiff is subject to the criticism of assuming as proved a controverted fact and should not be repeated in its present form.

The judgment is reversed and the cause remanded. All concur.