REAM, BY NEXT FRIEND, Respondent, v. WATKINS, Appellant.

1. Where an employee, wrongfully discharged before the completion of his term of service, brings an action, before the expiration of such term, to recover damages for the breach of the contract, it is error to rule that the measure of damages is the contract price of his services for the whole term.
2. A child allowed by its father to leave home and to work and shift for himself may maintain an action in his own name to recover the value of services rendered by him.

*Appeal from St. Louis Law Commissioner's Court.*

*Buckner*, for respondent.

*A. M. Gardner*, for appellant.

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiff, who is a minor, commenced this suit by his next friend before a justice of the peace. In the statement

filed with the justice, the plaintiff claimed a balance of twenty-two dollars and five cents for three months and fourteen days' work, at the rate of one hundred dollars per year, from the 23d of September, 1855, until the 6th January, 1856, when he was wrongfully discharged by the defendant; also sixty-seven dollars and seventy-five cents as damages for breach of a contract by which the defendant had engaged the plaintiff to work for him one year commencing September 23d, 1855, at the price of one hundred dollars per annum, enough to be paid at such times as the plaintiff needed it to purchase necessary clothing, and the residue at the expiration of the year. The suit was commenced January 23, 1856. The contract as proved was that the plaintiff was engaged by the defendant to work for him for one year at the price of one hundred dollars, of which twenty dollars were to be paid from time to time as the same should be needed. The plaintiff was discharged on the 7th January, 1856, and the main defence relied on was that his conduct was such as to justify his dismissal. The court instructed the jury that if the plaintiff was discharged before the expiration of the time for which he was hired, without good cause, he was entitled to recover the full amount of the wages for the whole term at the contract price.

This instruction was erroneous. In Smith on Master and Servant, 73 Law Lib. 90, it is said that a servant wrongfully discharged has two remedies, either of which he may pursue immediately on his discharge: " First, he may treat the contract of hiring and service as continuing, and bring a special action against his master for breaking it by discharging him, and this remedy he may pursue whether his wages are paid up to the period of his discharge or not; or, secondly, if his wages are not paid up to the time of his discharge, he may treat the contract of hiring and service as rescinded, and sue his master on a *quantum meruit* for the services he has actually rendered." The plaintiff can only recover in the latter form of action for the services actually rendered up to the time of his discharge, whilst in the former case he might

recover something beyond the amount due at the period of his discharge. In the note to Cutter v. Powell, 2 Smith's Lead. Cas. 87, it is stated, with some hesitation, that a servant improperly discharged has another remedy, to-wit: "he may wait till the termination of the period for which he was hired, and may then, *perhaps*, sue for his whole wages in *indebitatus assumpsit*, relying on the doctrine of constructive service." But this proposition is doubted if not denied in a note to Smith on Master and Servant, (p. 90,) and in Goodman v. Pocock, 15 Q. B. 574.

The measure of damages, in an action for a wrongful discharge brought before the expiration of the term, is not necessarily the contract price for the whole term, because a plaintiff after he is dismissed may sue and recover a judgment and then obtain employment elsewhere, and receive for the residue of the term as much or more than by the broken contract he would have been entitled to if he had served his time out. The damages must depend on the kind of service to be performed and the wages to be paid, and allowance should be made for the time that would probably be lost before similar employment could be obtained. In some pursuits it may be almost certain that the dismissal of a person at a particular season will throw him entirely out of employment for the residue of the year; whilst in other pursuits similar employment could readily be obtained elsewhere on the same or better terms; and therefore the amount of damages is a question for the jury under all the circumstances of the case. In Smith v. Thompson, 8 C. B. 42, a clerk, who had been engaged under a contract for two years, having been wrongfully dismissed after one quarter's service, brought an action for such wrongful dismissal, and the jury having awarded him damages equal to a year's salary, the court refused to interfere with the verdict. This form of action treats the contract as continuing, but the action on a *quantum meruit* treats the contract as rescinded, and, therefore, it is said that in the action for a wrongful dismissal the wages due up to the time of discharge can not be recovered, but a count

for wages may be added, and in that way the plaintiff may recover in one suit all that he is entitled to.   The plaintiff in this case by his suit has affirmed the contract, but being an infant he had the right to avoid the special agreement, which was executory and for personal services, and recover a reasonable compensation for the work which he did.   (Lowe v. Sinklear, ante, p. 308.)

The defendant asked two instructions to the effect that the plaintiff could not recover unless the jury found that he was entitled to contract on his own account, and unless his father had given his consent that he might work for himself.   The obligation which the law imposes on the father to maintain his infant children gives him the right to the custody of their persons and to the value of that labor and services during their minority.   But a father may emancipate his son and relinquish any claim to his services, and when he does so the child will be entitled to the fruits of his own labor until the father sees fit to resume his authority.   (Burlingame v. Burlingame, 7 Cow. 92 ; Corey v. Corey, 19 Pick. 29 ; Tillotson v. McCrillis, 11 Verm. 479 ; Jenison v. Graves, 2 Blackf. 450.)   The permission of the father to the son to work for himself may be inferred from circumstances, and the fact that a minor is suffered to leave his parent's house and go abroad to shift for himself ought to be satisfactory evidence of the parent's consent to the son's receiving and enjoying his own wages ; otherwise he would be without the means of procuring bread.   It was in evidence in this case that the plaintiff's parents resided in another state ; and as it would not be presumed that he was from home without leave, it would be inferred as a matter of necessity that he had the right to work for himself in order to obtain a living.   The defendant's instructions then ought not to have been given without proper qualifications.

As the case will be remanded, it may be observed that the remarks which fell from the witnesses about the state of the weather and the condition of the plaintiff's clothing at the time he was discharged, were irrelevant and improper ; for

neither the plaintiff's right to recover nor the defendant's right to dismiss him depended on considerations of that kind.

Judge Napton concurring, the judgment will be reversed and the cause remanded.