LAMBERT v. HARTSHORNE, APPELLANT.

65  549
54a 341

65  549
127 523

65  549
96a ¹2₁7

1. **Measure of Damages** : CONTRACT OF HIRING : INSTRUCTION. In an action by a servant against his master for wrongful discharge brought before the expiration of the term, the general rule is that the measure of damages cannot exceed the contract price; but where the verdict was for a sum far below the contract price for the remainder of the term, and less than the testimony showed the plaintiff was entitled to recover; Held, that defendant was not prejudiced by an instruction naming, as the limit of damages, an amount exceeding what would have been due to the plaintiff at the end of the term, at the contract price, if the contract had not been broken.

2. ———: DE MINIMIS NON CURAT LEX. Though it did not appear to the court that the expense incurred by plaintiff in moving to the place where he had engaged to labor was, in this case, a proper item of damages, nor that the expense incurred in returning to his former residence could be proved, not having been alleged as special damages, yet, as these sums were inconsiderable and appeared not to have been taken into account by the jury in determining the amount of their verdict ; Held, that the judgment would not be reversed for error committed in admitting testimony as to the amount of these expenses.

*Appeal from Linn Court of Common Pleas.* HON. THOMAS WHITAKER, Judge.

*Ell Torrance*, for appellant, cited 2 Greenleaf Ev. §§ 254, 256; *Henschen v. O'Bannon*, 56 Mo. 289; *Otto v. Bent*, 48 Mo. 23: *Buel v. St. Louis Transfer Co.*, 45 Mo. 562.

*George W. Easley* and *A. W. Mullins*, for respondent, cited *Clements v. Maloney*, 55 Mo. 358; *Sears v. Wall*, 49 Mo. 359; *Budd v. Hoffheimer*, 52 Mo. 297; *Ream v. Watkins*, 27 Mo. 518.

HOUGH, J.—This was an action brought by the plaintiff against the defendant for an alleged breach of a contract of hiring and service for the period of one year, occasioned by the wrongful dismissal of the plaintiff.

It is agreed that the defendant hired the plaintiff as engineer for his mill, on the 28th day of August, 1873, at forty dollars per month, and discharged him on the 28th day of December, 1873, and paid him in full to that date, but the testimony was conflicting as to the length of time for which he was hired; the plaintiff's witnesses and the plaintiff himself testifying that the hiring was for one year, while the defendant and his witnesses testified that the hiring was from month to month. It appears that in February or March, 1874, the plaintiff obtained other employment at thirty dollars per month which continued until the following August when he received forty dollars per month. Evidence was admitted, against the objections of the defendant, of the expenses incurred by the plaintiff in moving from Linneus to Meadville, where he engaged to render service, amounting to $2.50, and the expenses incurred in moving back to Linneus. after he was discharged. There was a verdict and judgment for the plaintiff for the sum of one hundred dollars, and the defendant has brought the case here by appeal.

The question whether the plaintiff was wrongfully disdischarged was properly submitted to the jury, and the only question which it is necessary for us to notice is as to the measure of damages. The instruction on this subject was as follows:

1. MEASURE OF DAMAGES: Contract of hiring: Instruction.

Lambert v. Hartshorne.

"If the jury find for the plaintiff, they should assess his damages at such sum as they may believe from the evidence he has sustained, not exceeding the amount of three hundred and fifty dollars." This was the amount stated in the *ad damnum* clause of the petition. This suit was brought on the 17th day of January, 1874, before the expiration of the term for which the plaintiff alleges he was employed. In an action for wrongful discharge brought before the expiration of the term, the general rule is that the measure of damages cannot exceed the contract price; neither is it necessarily the full contract price, for, as stated in *Ream v. Watkins*, 27 Mo. 516, a plaintiff may, after his dismissal, sue and recover a judgment and then obtain employment elsewhere, and receive for the residue of the term as much or more than by the broken contract he would have been entitled to if he had served his time out. The amount named in the instruction exceeded what would have been due the plaintiff at the contract price, at the end of the year by thirty dollars. But it is manifest that this in-

2. ——: De mini-  struction did not prejudice the defendant, as
mis non curat
lex.                the verdict of the jury was not for the full amount named therein, but only for one hundred dollars, a sum far below the contract price for the remainder of the year, and less, indeed, than the testimony shows the plaintiff was entitled to recover, conceding that he was entitled to recover anything. The expense incurred by the plaintiff in moving to Meadville, where the plaintiff engaged to labor, does not appear to be, in this case, a proper item of damages, and the expense of moving from Meadville was not specially pleaded. It seems patent to us from the amount of the verdict, that neither of these inconsiderable sums were considered by the jury in determining the amount which the plaintiff was entitled to recover, and even if they had been, we do not think a more appropriate case than this could be found to which to apply the ancient maxim, *De minimis non curat lex.* Finding no error in the record materially affecting the merits of the action, and

believing the amount of the verdict fully justified by the testimony, we do not feel at liberty to reverse the judgment for the errors complained of. The judgment is affirmed. The other judges concur.

