WILLIAM MILLER, Respondent, v. WOOLMAN-TODD BOOT & SHOE COMPANY, Appellant.

**St. Louis Court of Appeals, May 3, 1887.**

1. MASTER AND SERVANT—WRONGFUL DISCHARGE—MEASURE OF DAMAGES.—The measure of damages, *prima facie*, for the wrongful discharge of a servant employed for a time certain, is the contract price for the unexpired term.

2. ——— BURDEN OF PROOF.—The burden of showing that the servant was rightfully discharged, and that his damages are less than the contract price, is upon the defendant master.

3. ——— INSTRUCTIONS—TECHNICAL WORDS.—The unexplained use of the words, "rightfully discharged," in an instruction for the plaintiff, is not error where the defendant's right to discharge the plaintiff is fully explained in the defendant's instructions.

4. ——— The unexplained use of the words, "burden of proof," in an instruction, is not error for which a judgment will be reversed.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

SMITH P. GALT, for the appellant: "Burden of proving" is a technical phrase, and, unexplained, would mislead the jury, and they may have interpreted it as meaning that if there was any evidence for the plaintiff *contra*, then the defendant had not fulfilled the requirements of the law in that regard, as stated by the court. "Preponderance of evidence," condemned. *Clarke v. Kitchen*, 52 Mo. 316. "*Prima facie*," condemned. *Chappel v. Allen*, 38 Mo. 222. "Assigned" used instead of "endorsed" may mislead the jury. *Bank v. Lonergan's Adm'r*, 21 Mo. 50. "Had good cause to discharge." "Good cause" is a lawful cause. The court should have defined the terms, and not permitted the jury to say what is, and what is not, good cause for

a master to discharge a servant. "Legitimate purpose," unexplained, condemned. *Estes v. Fry*, 22 Mo. App. 89. "Malice," undefined, condemned. *Morgan v. Durfee*, 69 Mo. 480.

Henry W. Bond, for the respondent : The instructions were unobjectionable. *Squire v. Wright*, 1 Mo. App. 175. In all cases of hiring for a definite period, and breach of the contract, on the part of the hirer, by the wrongful discharge, the employe has two remedies, *i. e.*, he may sue at once for probable damages sustained by discharge during the unexpired period, or he may wait until the end of the term for which his contract was made, and recover the actual damages sustained by its breach. *Ream v. Watkins*, 27 Mo. 516 ; *Lambert v. Hartshorn*, 65 Mo. 551 ; *Booge v. Railroad*, 33 Mo. 212 ; *Soursin v. Salorgne*, 14 Mo. App. 488 ; *Williams v. Furnace Co.*, 13 Mo. App. 73, 74.

Rombauer, J., delivered the opinion of the court.

This is an action, by an employee to recover damages caused to him by a wrongful discharge. The facts, that the plaintiff was employed by the defendant, as a traveling salesman, for the year 1886, and was discharged by it, from such service, without his consent, at the close of April, 1886, are admitted. The only controversy between the parties is, whether or no such discharge is wrongful, and if so, whether the damages, recovered by the plaintiff, are excessive.

The defendant, in its answer, denied that it had wrongfully discharged the plaintiff, and justified the discharge in the following terms : "That the plaintiff, to obtain the contract and service in his petition set forth, represented to the firm of Phillips, Woolman & Todd, and the defendant, that he had theretofore been employed as a traveling salesman for wholesale boot and shoe houses, and that he controlled a large trade therein, and that he had never sold less than fifty thousand dollars worth of goods per annum, and that

he could sell said amount for said firm and for the defendant; that, believing said representations to be true, and for said reason, said firm hired the plaintiff, and the defendant employed him, as the plaintiff's petition stated, but the defendant states that said representations were false, and were fraudulently made for the purpose aforesaid ; and the defendant further states, that, while the plaintiff was in its employ, contrary to his contract and the defendant's instructions, he went to Indiana, and he failed and refused to call on numerous business men in Illinois, as he was instructed by the defendant to do ; and he failed and refused to keep an account of his expenses, while traveling for the defendant, in the manner and as instructed by the defendant to do ; and that, on account of said false and fraudulent representations, made as aforesaid by him, and on account of his failure and refusal to obey the defendant's instructions aforesaid, all of which said instructions were proper and reasonable, the plaintiff was, by the defendant, discharged from its service, as was its right and duty to do so."

The reply was a general denial.

The plaintiff was paid in full up to the date of his discharge. He recovered a judgment for twelve hundred dollars, which is shown, by computation, to be the contract price for his services, from the date of his discharge until the close of the year, 1886. The action was instituted May 5, 1886, and the cause was tried November 16, 1886.

The complaints made upon this appeal are : (1) That the court excluded legal evidence offered by the plaintiff. (2) That the court misdirected the jury. (3) That the verdict is against the evidence and weight of evidence.

I. The plaintiff was examined, as a witness in his own behalf. He testified in his examination in chief, that he had been engaged as a salesman for twenty-three years ; that he had never stated, to any one, that he had

never sold, in any one year, less than fifty thousand dollars worth of goods; that he was requested, by one of the defendant's officers, to keep an expense account, at one time, but, upon his raising objections, the request was withdrawn.

Upon cross-examination of the plaintiff, this question was put to him: "Did you, while you were with Claflin, Allen & Company, during 1885, sell fifty thousand dollars worth of goods?" "Objected to by the plaintiff. Objection sustained, to which ruling of the court, the defendant, then and there, excepted." We see no error in this ruling. When this question was put, there was no evidence before the court that the plaintiff had ever represented to the defendant that he had sold no less than fifty thousand dollars worth of goods in any particular preceding year, as an inducement for his employment, or otherwise. In the absence of such evidence, the question was directed to an immaterial inquiry. The defendant was at liberty to make the plaintiff its own witness on this point, and if the defendant would have given assurances, by an offer to make the testimony relevant, by subsequent proof, that the plaintiff had made such statement, the court probably would have permitted the question to be put, as the order of the proof is, to a great extent, within the discretion of the trial court. In the absence of such offer, the defendant had no right to complain that the question was excluded.

In addition to this, however, it is proper to say that immediately thereafter the witness did state, on his cross-examination: "I did not sell every year that I was employed, fifty thousand dollars worth of goods," thus removing every vestige of a just complaint which could possibly arise from the exclusion of the preceding question.

The plaintiff was also asked, on his direct examination:

"Q. From this day, say the sixteenth of November,

up to the thirty-first of December, are you able to state, from your knowledge of the methods of business done by boot and shoe houses, and the time when they make their engagements, or from any other sources that may supply you with information, as to the probability of your getting employment between now and then?

"Objected to by the defendant, as incompetent, and immaterial. Objection overruled, to which ruling of the court the defendant then and there excepted.

"A. I see no chance, in my experience and efforts, to find any place during this year."

There was no error in this ruling. The plaintiff's damage for breach of a contract of employment, for a time certain, is, *prima facie*, the contract price agreed upon for his services. It is, unquestionably, his duty to use reasonable efforts to find other similar employment, if he can, but that he has obtained such employment, or that, by reasonable efforts, he might have obtained it, it is incumbent upon the defendant to show in mitigation of damages. Wood on Master and Servant, pp. 245, 246; *Koenigkraemer v. Glass Co.*, 24 Mo. App. 124. In this case, the trial took place more than six months after the discharge, and within one and one-half months prior to the expiration of the contract time of service. The plaintiff had given evidence in full of his efforts to obtain similar employment, after his discharge, and prior to the trial, in St. Louis, Bloomington, Chicago, Rochester, and Cincinnati, all of which efforts proved unavailing. He was thoroughly competent to judge of the probabilities as to whether similar efforts in the month and a half yet remaining would meet with any success. That he assumed the burden of proof on this subject, is a matter of which the defendant is in no position to complain. The court excluded from the jury a list of the defendant's customers, in the state of Illinois, on whom, as the defendant's witnesses stated, the plaintiff was requested to call, and upon whom he failed to call; but, since oral evidence was given of the

contents of this list,. by the defendant's secretary, without objection, we can not see how the defendant was prejudiced by this ruling.

II. The court, upon the plaintiff's request, charged the jury strictly in conformity with the law, as hereinabove stated. The plaintiff's first instruction, after stating the hypothetical facts, on which his right of recovery was based, concluded with the proviso: "Provided the jury do not, under the evidence and instructions given, believe and find that the plaintiff was rightfully discharged by the defendant."

"2. The court instructs the jury that the burden of proving that it had good cause to discharge the plaintiff is on the defendant."

These instructions are complained of as misleading, first, in not telling the jury what "rightfully discharged" meant, and, next, in not informing them what the "burden of proof" meant.

The first complaint might be well founded if the instruction stood alone. The court, however, upon the defendant's request, charged the jury fully, on each of the three propositions claimed, by the defendant, as furnishing just grounds for the plaintiff's discharge, as follows:

"1. The court instructs the jury that, if they believe, from the evidence, that the plaintiff represented to the firm of Phillips, Woolman & Todd, as an inducement to them to hire him, and make the contract sued on, that he had never sold less than fifty thousand dollars' worth of goods per year, and, that the said firm would not have made said contract, had not said representation been made to them, then the jury will find for the defendant, provided the jury, also, believe and find that, on account of such representation, and upon discovering the falsity thereof, the defendant rescinded said contract, and discharged said plaintiff."

"2. The court instructs the jury that, if they believe, from the evidence, that the plaintiff was directed,

by Phillips, Woolman & Todd, or, by the defendant, to call on a number of business men in Illinois, within the plaintiff's territory, as per list furnished him, to offer them goods of the defendant, or said firm, for sale, and he did not do so, while in said firm's employ, nor afterwards, while in the employ of the defendant, then the defendant was justifiable in discharging him, and the jury will find their verdict for the defendant, if the plaintiff was discharged on that account."

"3. The court instructs the jury that if they believe, from the evidence in this case, that the plaintiff, Miller, was directed by any officer or officers of the defendant to keep an expense account of his expenses while traveling for it, in a book given or offered him for that purpose, and he refused or failed to do so, and that was one of the reasons why he was discharged, then the jury will find their verdict for the defendant."

Touching the alleged error on the part of the court, in failing to explain to the jury the meaning of the words, "burden of proof," it is proper to say this: The use of words which have a legal technical meaning in instructions to the jury should be avoided, or, if necessarily used, their meaning should be explained. Thus the unexplained use of the words, "preponderance of evidence," "legitimate purpose," "*prima facie*," and of similar phrases, without explanation of their meaning, has been repeatedly condemned by the courts of last resort in this state. *Chappell v. Allen*, 38 Mo. 222; *Clarke v. Kitchen*, 52 Mo. 316; *Estes v. Fry*, 22 Mo. App. 89. But in none of these cases was the error deemed sufficient to warrant a reversal. While in *Berry v. Wilson* (64 Mo. 164), it was expressly decided that the use of the phrase, "preponderance of evidence," without explanation, would not warrant a reversal, and we have followed that ruling at the present term in a similar case. *Steinkamper v. McManus*, ante, p. 51; see, also, *Squire v. Wright*, 1 Mo. App. 174, 175.

III. The verdict is apparently against the weight of the evidence, in this, that the plaintiff, who was the only witness in his own behalf, is contradicted on several material points by the defendant's witnesses. All these witnesses, however, were members and officers of the defendant corporation, and it does not appear that either of them is wholly disinterested. Mr. Todd, a member of the defendant corporation, admits that he told the plaintiff to leave, "and not to come back to the house unless he proposed to carry out the contract according to our idea." It was in evidence that the contract proved a very unprofitable one to the defendant, and that the plaintiff was not selling goods enough to justify his compensation. This, as the plaintiff claimed, was the sole ground of his discharge, and that the defendant sought to exact a guarantee from him as to his future sales as a condition for the continuation of the contract.

There was nothing shown reflecting on the plaintiff's industry and sobriety; nor was it probable that the plaintiff would seek to violate an engagement, otherwise profitable to him, for the mere pleasure of entering a hazardous and expensive venture in seeking his recompense at the termination of a law suit. These are considerations which must determine us in declining to vacate a verdict, which is supported by substantial evidence, and not the result of apparent prejudice.

The judgment is affirmed. Thompson, J., concurs; Lewis, P. J., is absent.