HENRY HIRSH *et al.*, Appellants, v. A. WEISBERGER, Respondent.

St. Louis Court of Appeals, April 21, 1891.

1. **Motion to Set Aside Judgment for Irregularity Distinguished From Proceeding in the Nature of a Writ of Error Coram Nobis.** A proceeding under the statute ( R. S. 1889, sec. 2235 ) to set aside a judgment for irregularity lies for an irregularity which appears upon the face of the record ; a proceeding in the nature of a writ of error *coram nobis* is grounded upon latent errors of fact, invalidating the judgment, which do not appear on the face of the record, but must be brought to the attention of the court by evidence *aliunde.*

2. **Motion to Set Aside Judgment for Irregularity :** RIGHT OF APPEAL. Such a proceeding under the statute is not an independent action, but is merely a motion in the original cause. Accordingly an appeal does not lie directly from an order sustaining such motion and setting aside the judgment, such order not being a final judgment.

3. **Attachment :** PUBLICATION AGAINST DEFENDANT BY INITIAL LETTER INSTEAD OF CHRISTIAN NAME. A non-resident defendant in an attachment suit was served by publication only. His christian name was Aaron Weisberger, but in the publication he was named A. Weisberger. After judgment against him, and at a subsequent term, he moved to set aside the judgment for this error. *Held* that the error appeared upon the face of the record, and that the proceeding was a motion under the statute to set aside a judgment for irregularity.

4. ———— : ———— : EFFECT OF SUCH ERROR ON JUDGMENT. A judgment against such defendant, obtained under such publication, is not necessarily void; it may be valid or void according to circumstances.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

APPEAL DISMISSED.

*Albert Arnstein,* for appellants.

( 1 ) The name is a means of identity. A party who is served by a wrong name, knowing he is intended as the defendant, is bound by the judgment. *Parry v. Woodson,* 33 Mo. 347. ( 2 ) An order of publication intended to notify Aaron Weisberger is valid, if directed to " A." Weisberger, that being the name by which he is usually and commonly known in the community. *Steinmann v. Strimple,* 29 Mo. App. 478; *Elting v. Gould,* 96 Mo. 535; *Ferguson v. Smith,* 10 Kan. 396; *Scott v. White,* 71 Ill. 287; *Clark v. Clark,* 19 Kan. 522; *Eggleston v. Nathan,* 5 Rob. 640; *Goodenow v. Tappan,* 1 Ohio, 38; *Cooper v. Burr,* 45 Barb. 9. ( 3 ) The petition in this case is a writ of error *coram nobis.* *Craig v. Smith,* 65 Mo. 536; Stephens' Pleadings, 119. ( 4 ) A writ of error *coram nobis* will not lie, if it appear that the party seeking to invoke this extraordinary writ was guilty of laches or negligence. Freeman on Judgments, sec. 94; *Brandon v. Diggs,* 1 Heisk. 472; *Crawford v. Williams,* 1 Swan. 341; *Kemp v. Cook,* 18 Md. 130. ( 5 ) Defendant admits that two months before judgment was rendered against him he knew of the pendency of the action, and had employed counsel to protect his interest; yet he stood by and let judgment go. He has been guilty of such negligence as prevents him from invoking the writ of *coram nobis.*

*Sale & Sale,* for respondent.

The order setting aside the judgment is not a final judgment, order or decree, from which an appeal will

lie. The appeal should be dismissed as it was prematurely taken. *State ex rel. v. Burns*, 66 Mo. 227; *Garesche v. Emerson*, 31 Mo. 258; *Martin v. Hays*, 5 Mo. 62; *Implement Co. v. Wheeler*, 27 Mo. App. 16. (2) "Judgments in any court of record shall not be set aside for irregularity on motion, unless such motion be made within three years after the term at which such judgment was rendered." R. S. 1889, sec. 2235. Where an irregularity appears on the face of the record the judgment may be set aside under section 2235, Revised Statutes, 1889, at any time within three years. Whittlesey's Mo. Prac., p. 470, sec. 382; *Branstetter v. Rives*, 34 Mo. 319; *Lawther v. Agee*, 34 Mo. 372; *Stewart v. Stringer*, 41 Mo. 403; *Craig v. Smith*, 65 Mo. 537; *Nave v. Todd*, 83 Mo. 601. (3) An irregularity is defined to be the want of adherence to some prescribed rule or mode of procedure, and consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner, and, in general, is either in the mesne process or the proceedings before judgment, or in the judgment or execution. *Branstetter v. Rives*, 34 Mo. 319; *Lawther v. Agee*, 34 Mo. 372; *Stewart v. Stringer*, 41 Mo. 400; *Craig v. Smith*, 65 Mo. 537. The levy upon defendant's property, under the writ of attachment, gave the court jurisdiction to render a judgment. The judgment is, therefore, not void. *Freeman v. Thompson*, 53 Mo. 183. (4) An order of publication, citing a defendant by an initial, is not a valid order. *Skelton v. Sackett*, 91 Mo. 377; *Elting v. Gould*, 96 Mo. 535; *Steinmann v. Strimple*, 27 Mo. App. 478. The motion or petition is not in the nature of a writ of error *coram nobis*. A writ of error *coram nobis* lies only where an error of fact not appearing on the face of the record must be brought to the attention of the court by evidence *aliunde*. *Latshaw v. McNees*, 50 Mo. 381; *State ex rel. v. Heinrich*, 14 Mo. App. 146.

THOMPSON, J.—In this case a motion to dismiss the appeal has been made on the ground, that the order appealed from is not a final judgment. Owing to the peculiar nature of the question involved in this motion, we have preferred to reserve the consideration of it until after hearing arguments upon the main question involved in the appeal. The action is by attachment against a non-resident. There was a publication against the defendant in the name of A. Weisberger, using his initial only, and not giving his christian name. The case proceeded, in the ordinary course, to a judgment by default and final judgment, as though publication had been regularly made. At a subsequent term the defendant filed a petition in court to set aside the judgment for the reason that the order of publication used his initial, instead of using his real name, which was Aaron Weisberger. The court, after hearing oral evidence in support of this application, granted it, and made an order setting aside the judgment and reinstating the cause on its docket for further proceedings. From this order the present appeal is prosecuted.

We have come to the conclusion, after a careful consideration of the subject, that the appeal must be dismissed. This is either a proceeding under the statute ( R. S., sec. 2235 ) to vacate a judgment at a term subsequent to the term of its rendition for an irregularity appearing on the face of its record, or else it is a proceeding in the nature of a writ of error *coram nobis*. The petitioner takes the view, that it is a proceeding under the statute, and the plaintiff in the action takes the view that it is an independent proceeding in the nature of a writ of error *coram nobis*. The distinction between the two kinds of proceeding is marked. The former is grounded alone upon irregularities of procedure which appear on the face of the record; the latter is grounded upon latent errors of fact, which do not appear on the face of the record, but which must be

brought to the attention of the court by evidence *aliunde*. The former is subject, by the terms of the statute, to a limitation of three years ; the latter is not subject to any distinct statute of limitation. *Latshaw v. McNees*, 50 Mo. 381. The former is a motion in the original suit, and not a separate action ; and for this reason an appeal or writ of error does not lie from an order, sustaining the motion and reinstating the cause on the docket ; but the remedy of the other party is to take a bill of exceptions, proceed no further in the cause, suffer a final judgment to go against him, and then prosecute his appeal or writ of error. *State ex rel. Merrill v. Burns*, 66 Mo. 227. The latter is in the nature of a new action, analogous to the writ of error. It necessarily depends upon the production of extrinsic evidence, for the error does not appear upon the record as in the case where the remedy is the ordinary writ of error. There must be a trial of an issue of fact ; and if this trial results in depriving the plaintiff of the judgment, which he has recovered and which appears to be regular on its face, it may be assumed ( though it is not necessary so to decide ), that he may at once prosecute an appeal or writ of error to reverse the order reinstating the cause. The distinctive test, by which to determine whether a proceeding in a given case is the one or the other, would seem to be to consider whether the irregularity or error of fact arises on the face of the record proper, or must necessarily be disclosed by the production of extrinsic evidence.

We are of opinion that the irregularity for which the judgment was set aside in the present case arises upon the record, and that the proceeding was, therefore, a proceeding under the statute, and not a proceeding in the nature of a writ of error *coram nobis*. Following a text-book of great authority (1 Tidd's Prac. 512), an irregularity under our statute has been defined to be " the want of adherence to some prescribed rule or mode of proceeding ; and it consists, either in omitting to do

something that is necessary for the due and orderly con-
ducting of a suit, or doing it in an unseasonable time,
or improper manner, and in general is either in the
*mesne* process, or the proceedings thereon before judg-
ment, or in the judgment or execution." *Branstetter
v. Rives*, 34 Mo. 318. Instances of such irregularities
are found in the entering of a judgment by default
against a defendant before the time has expired in which
the law allows him to answer ( *Branstetter v. Rives,
supra* ) ; the making of such a judgment final at the same
term, where the action is not founded on a bond, bill,
note, etc. *Lawther v. Agee*, 34 Mo. 372. On the other
hand, the nature of a proceeding in the nature of a writ
of error *coram nobis* is suggested by a case, where a
judgment was entered against a defendant who had not
been served with process, as upon an appearance by an
attorney, when in point of fact the attorney had not
been authorized to appear for him,—this necessarily
involving an inquiry of fact, as to whether he had
authorized the attorney to appear ( *Craig v. Smith*, 65
536 ) ; or where a judgment had been in a proceeding for
taxes upon a publication against a defendant, who at
the time resided and was within the jurisdiction,—this
equally depending upon an inquiry of fact. *State ex
rel. v. Heinrich*, 14 Mo. 146.

Applying these distinctions to the case before us, it
seems clear to us that the irregularity, on account of
which this judgment was set aside, was an irregularity
appearing on the face of the record. It consisted of
making an order of publication, in which the defendant
was described by an initial, instead of giving his chris-
tian name. In *Skelton v. Sackett*, 91 Mo. 377, it was
held that a judgment depending upon an order of pub-
lication against Q. R. Noland, instead of Quinces R.
Noland, was void even in a collateral proceeding. In
*Steinmann v. Strimple*, 29 Mo. App. 478, 484, we, fol-
lowing this rule, held that an order of publication,
naming a defendant as J. Strimple, was void as to him;

but that an order naming another defendant as Frank Strimple, the name by which he was usually known, was not void, although his baptismal name was Benjamin F. Strimple. The language of some of the decisions intimates that a defect of procedure, such as renders a judgment absolutely void, is not an *irregularity* under the statute we are considering. The decision of the supreme court in *Elting v. Gould*, 96 Mo. 535, shows that such an irregularity, as the one now under consideration, may or may not render a judgment void according to extrinsic circumstances. In that case there had been an order of publication against a defendant by the name of R. O. Elting in a proceeding affecting his title to the land, but, as it appeared that the land had been patented to him by the United States in the name of R. O. Elting, it was held that a judgment founded upon such a publication was not void. The court distinguished the decision in *Skelton v. Sackett*, 91 Mo. 377, on the ground that in that case the order of publication was addressed to Q. R. Roland, while the land had been patented to him, as shown by the recorded patent, in the name of Quinces R. Noland. A comparison of these two decisions will be sufficient to show that a judgment founded upon a publication addressed to a party by his initial only, instead of giving his christian name, may or may not be void according to circumstances. But whether it is the one or the other, it cannot be doubted that it is an irregularity, and it is plain that it is an irregularity appearing on the face of the record itself; for the order of publication is a part of the record.

We, therefore, stop here, and refrain from considering the able argument, which has been made against the legality and propriety of the order of the court in setting aside this judgment. We do not feel called upon to intimate an opinion whether, if the plaintiff were to take a bill of exceptions, suffer a final judgment to go against him, and then appeal, the order reinstating the

cause would or would not be subject to reversal. Being of opinion that there is in this case no final judgment or order from which an appeal lies, the judgment of the court is that the appeal be dismissed. It is so ordered. All the judges concur.