A. H. HALSEY, Plaintiff in Error, v. ARIEL MEINRATH, Defendant in Error.

Kansas City Court of Appeals, May 15, 1893.

1. **Practice, Trial and Appellate:** SETTING ASIDE JUDGMENT AT SUBSEQUENT TERM: FINAL JUDGMENT: EXCEPTIONS: APPEAL. A motion under section 2235, Revised Statutes, 1889, to vacate a judgment at a term subsequent to the term of its rendition for irregularity appearing on the face of the record is not an independent proceeding in the nature of a writ of error *coram nobis* but is motion in the original suit from which an appeal will not lie, and the loser should take his bill of exceptions, proceed no further in the cause, suffer a final judgment to go against him and then prosecute his appeal, and neither the statute nor common law requires a motion for a new trial or in arrest to warrant an appeal in such case.

Halsey v. Meinrath.

2. **Master and Servant:** DISCHARGE: ACTION. A servant wrongfully discharged may treat the contract of service as continuing and bring a special action for its breach, and this, whether his wages are paid up to the period of his discharge or not.

3. ———: ———: MEASURE OF DAMAGES: OTHER EMPLOYMENT: JURY QUESTION. The measure of damages for the wrongful discharge of the servant cannot exceed the contract price, nor is it necessarily the full contract price, as the servant may secure other employment and in some instance even at better wages, and the amount of damages is a question for the jury.

4. ———: ———: ———: A servant's damages for wrongful discharge are *prima facie* the contract price.

5. ———: ———: ———: CONTINUING DAMAGES. The servant in case of continuing damages is entitled to recover such damages as accrued to the expiration of his term of service.

6. **Practice, Appellate:** PRESUMPTION: EVIDENCE. Every presumption must be indulged in support of the judgment below; as that all evidence admissible under the pleadings and necessary to support the judgment was before the court, and matters tending to reduce damages if alleged will make no difference.

ON REHEARING.

7. **Judgments:** ANSWER: DEFAULT. It is error to render judgment upon default when an undisposed of answer is on file, though the defendant makes no appearance at the trial, but there are other defaults besides defaults in appearance.

8. ———: ———: ———: PRACTICE. Where there is an answer in and the defendant defaults at the trial, the trial should proceed exactly as it would have done had defendant taken part in the trial and failed in his defense.

9. **Master and Servant:** MEASURE OF DAMAGES: PLEADING: PRESUMPTION. The complaint against the judgment in this case that it is for more than is covered by the allegations of the petition is not well taken, since no objection was taken to the petition, and it did allege the servant was to have a certain compensation and his expenses for a year, and that he entered upon the discharge of his duties, etc., and was wrongfully discharged, as every intendment is to be presumed in favor of the judgment.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*John W. Snyder*, for plaintiff in error.

(1) "Nothing is better settled than that, after the term at which a final judgment is rendered, the court cannot interfere with it. *Brewer v. Dinwiddie*, 25 Mo. 351; *Harbar v. Railroad*, 32 Mo. 426; *Mann v. Warner*, 22 Mo. App. 581; *Blanchard v. Wolff*, 6 Mo. App. 204. (2) Even if the plaintiff was only entitled to his salary and expenses for living during a period of two months and twenty-three days, it cannot be said that the petition under no conceivable circumstances would support the judgment, and that the judgment was therefore irregular. The procedure was regular, the petition called for $1,000 damages, the evidence of the case could not be subsequently examined. *Brackett v. Brackett*, 61 Mo. 223; *Phillips v. Evans*, 64 Mo. 22; *Showler v. Freeman*, 81 Mo. 544. (3) Plaintiff is entitled to his salary and expenses of living for a period of six months (from the day of discharge to end of term, as the same expired long before the day of trial). This would make less than $2 a day for plaintiff's expenses. The day of trial is the day of reckoning. *Gordon v. Brewster*, 7 Wis. 355; *Ream v. Watkins*, 27 Mo. 518; *Lambert v. Hartshorne*, 65 Mo. 551; *Miller v. Boot & Shoe Co.*, 26 Mo. App. 61; *Koenigkraemer v. Glass Co.*, 24 Mo. App. 128; *Lally v. Cantwell*, 40 Mo. App. 50. (4) Plaintiff pursued the remedy marked out in *State ex rel. Merrill v. Burns*, 66 Mo. 227; *Blanchard v. Wolff, supra; Imp. Co. v. Wheeler*, 27 Mo. App. 16; *Edmonds v. Albrecht*, 42 Mo. App. 497; *Hirsh v. Weisberger*, 44 Mo. App. 506. (5) The judgment rendered December 24, 1889, should be reinstated and bear interest from its date, to-wit, December 24, 1889; *Hill v. City of St. Louis*, 20 Mo. 588.

*Henry Wollman*, for defendant in error.

(1) There was an irregularity in the entering up of the judgment that justified the court in setting it aside and it was this, that an answer was on file, and yet judgment by default was rendered. *Ruch v. Jones*, 33 Mo. 393; *Norman v. Hooker*, 35 Mo. 366; *Louthen v. Caldwell*, 52 Mo. 121; Black on Judgments, sec. 86; *Parrott v. Goss*, 17 Ill. App. 111; *Fish v. Wheeler*, 31 Ill. App. 596; *Mason v. Abbott*, 83 Ill. 445; *Elliott v. Leak*, 4 Mo. 543; *Maxwell v. Jarvis*, 14 Wis. 552; *Beard v. Shoe Co.*, Sup. Ct. Miss. 8 South. Rep. 512. (2) The object of a pleading is to make a party show on the face of it what his case is, and as plaintiff did not show in his petition that he ever had any expenses the court cannot assume that he did. (3) The plaintiff maintains that the circuit court at any time within three years can set aside a judgment for a trifling irregularity in practice, but not for something that goes to the very merits of the judgment, or to the correctness of the judgment itself, although such blunder appears right on the very face of the record itself and can be discovered without resorting to any matter *dehors* the record. The statute itself clearly recognizes that at common law a judgment could be set aside after the term, but in the case of an irregularity it was deemed best to confine the time within which it could be done to three years. Black on Judgments, sec. 326: *Warren v. Lusk*, 16 Mo. 102, at p. 114; *Downing v. Still*, 43 Mo. 309; *Critchfield v. Porter*, 3 Ohio, 518; *Hunt v. Yeatman*, 3 Ohio, 16; *Delancy v. Brownell*, 4 Johns. 136; *Darling Barns v. Branch*, 3 McCord, 21; *Vilas v. Plattsburg & M. R. Co.*, *supra;* 25 N. E. Rep. 497. (4) Plaintiff contends that everything should be presumed in favor of the correctness of the original

judgment of the lower court. This presumption does not apply to a judgment by default when the attack on it is not collateral, because it is only fair to assume in case of a judgment by default that if the other party were in court it is probable he would establish a defense. *Hudson v. Breeding*, 2 Ark. 445.

SMITH, P. J.—This is an action wherein the plaintiff in his petition stated that he was employed by defendant as a traveling salesman in his business for the period of one year from the first day of January, 1888, at a salary of $90 per month and expenses; that on said first day of January, 1888, in pursuance of said employment, plaintiff entered upon his duties as such traveling salesman for defendant, and continued to perform his duties, and served defendant as such salesman till the thirtieth day of June, 1888, when defendant, without any just and reasonable cause, and not on account of any fault of plaintiff, discharged plaintiff from said employment and has ever since refused, and still refuses, to reinstate plaintiff in said employment, or to pay him any part of plaintiff's monthly salary and expenses since the first day of July, 1888, whereby he was damaged in the sum of $1,000.

The defendant by his answer interposed a general denial. When the case was reached for trial, he made no appearance, so that a judgment of *nil dicit* was entered against him for $860. At a subsequent term the defendant appeared again and filed a motion to set aside the judgment on the ground that it was irregular on the face of the record, in that the petition showed that the plaintiff was not entitled to recover any sum exceeding $263, whereas the judgment was rendered for $860, and in that under the petition the plaintiff was only entitled to recover the salary for the months of

July, August and twenty-two days in the month of September at the rate of $90 per month with interest, etc. This motion was sustained, to which action of the court plaintiff took exception, preserving the same by proper bill of exception duly allowed and filed in the case. The plaintiff making no further appearance, the court at the second term thereafter dismissed the cause for want of prosecution. To reverse this judgment the plaintiff sued out his writ of error and brings the cause here for revision.

This is not an independent proceeding in the nature of a writ of error *coram nobis*, but a proceeding under the statute (Revised Statutes, sec. 2235) to vacate a judgment at a term subsequent to the term of its rendition for an irregularity appearing on the face of the record. It is a motion in the original suit and for this reason an appeal or writ of error does not lie from an order sustaining the motion to set aside the judgment and reinstating the cause on the docket, but the remedy of the other party is, as in this case, to take a bill of exceptions, proceed no further in the cause, suffer a final judgment to go against him and then prosecute his appeal or writ of error. *State ex rel. v. Burns*, 66 Mo. 227; *Hirsch v. Weisberger*, 44 Mo. App. 506; *Edwards v. Albrecht*, 42 Mo. App. 497; *Blanchard v. Wolf*, 6 Mo. App. 200.

There is no rule of practice under the statute or at common law which required the plaintiff to file a motion for a new trial or in arrest of the judgment against him to entitle him to prosecute his appeal or writ of error. When the judgment dismissing the cause was entered, the plaintiff's right of appeal or to a writ of error accrued. *Implement Co. v. Wheeler*, 27 Mo. App. 16; *Hirsch v. Weisberger*, 44 Mo. App. 506; *State ex rel. v. Burns, supra; Gilstrap v. Felts*, 50 Mo. 431; *Bower v. City of Kansas*, 51 Mo. 459. It follows

from these considerations that the record in the cause is properly before us for examination.

The action of the trial court in setting aside the judgment for alleged irregularity in rendering the same constitutes the plaintiff's principal ground of complaint. The suit was brought before the expiration of the term of the contract for which plaintiff alleges he was employed. A servant wrongfully discharged may treat the contract of hiring and service as continuing and bring a special action against the master for breaking it by discharging him, and this remedy he may pursue whether his wages are paid up to the period of his discharge or not. *Ream v. Watkins*, 27 Mo. 516. And the general rule in cases of this kind is, that the measure of damages cannot exceed the contract price, neither is it necessarily the full contract price, for it may be that the plaintiff may after his dismissal sue and recover a judgment and then obtain employment elsewhere and receive for the residue of the term much more than by the contract he would have been entitled to if he had served out his term. The damages must depend on the kind of service to be performed and the wages to be paid, and allowance should be made for the time that would probably be lost before similar employment could be obtained. In some pursuits it may be almost certain that the dismissal of a person at a particular season will throw him entirely out of employment for the residue of the year, whilst in other pursuits similar employment could readily be obtained elsewhere on better terms, and therefore the amount of the damages is a question for the jury under all the circumstances. *Lambert v. Hartshorne*, 65 Mo. 551.

This case was not tried until after the expiration of the term of plaintiff's employment. The plaintiff's damages for breach of the alleged contract of employment are *prima facie* the contract price agreed upon

for such service. And in addition to this the plaintiff under the contract is entitled to his reasonable expenses. This of course would have to be established by extrinsic evidence.

But it is suggested that the plaintiff could only recover such damages as had resulted at the time of the commencement of the suit. This is an error. The plaintiff was entitled to such damages as accrued up to the expiration of his term of service in a case like this where the damages were of a continuing character. *Lally v. Cantwell*, 40 Mo. App. 50; *Miller v. Boot & Shoe Co.*, 26 Mo. App. 61; *Ream v. Watkins, supra; Lambert v. Hartshorn, supra.* We must indulge every presumption in support of the judgment.

Under these rules in respect to the admeasurement of the plaintiff's damages, it may have well been that the court under the evidence adduced before it felt constrained to allow the plaintiff the amount of his salary for the whole unexpired term of his employment, and not only that, but the evidence may have been such as to justify the augmentation of the damages just mentioned by the amount of the plaintiff's expenses. A showing of this sort was allowable under the pleadings and the rules for the measure of damages already referred to, and we must presume that there was such evidence and so conclude that the amount of the damages adjudged is not in excess of what was authorized under the petition and the contract pleaded.

No recoupment of damages was claimed in the answer, or if there had been we do not think the case would have been different since the presumption in favor of the correctness of the finding and judgment of the trial court would still have been indulged.

No irregularity is perceived in the record before us. It follows that the judgment appealed from be reversed

and the cause remanded with directions to the circuit court to reinstate the first judgment in behalf of the plaintiff. All concur.

### ON REHEARING.

PER CURIAM.—Defendant contends that the judgment rendered in the cause was a judgment by default and that since there was an answer on file consisting of a general denial such judgment was erroneous. The facts were that an answer was filed by defendant, but when the case was called for trial he failed to appear. The court thereupon heard the petition and the evidence and rendered the following judgment: "Now at this day, this cause coming on to be heard, comes plaintiff in person and by attorney, and defendant, who has been lawfully summoned, comes not, but makes default; thereupon the cause is submitted upon the petition and evidence, and the court being fully advised in the premises finds that defendant is endebted to plaintiff in the sum of $878. It is therefore ordered and adjudged by the court that plaintiff have and recover of defendant the sum of eight hundred and seventy-eight ($878) dollars with interest thereon from this day, and all costs, and have hereof execution."

We concede that it is error to render judgment by default when an answer is on file undisposed of, defendant not appearing at the trial. This is well established by authority elsewhere. It has been stated in this state as well. *Ruch v. Jones*, 33 Mo. 393. The judgment here spoken of is of course that technical judgment by default known to the law which adjudges the cause of action to be confessed. Was the judgment here questioned such a judgment? We think not. There are defaults recognized under our practice on the part of a defendant which may figure in the judgment other than a default of appearance to the action.

The defendant here had appeared to the writ and had answered but he defaulted in appearance to the trial. No more than a recital of this was entered in the judgment here. The court does not adjudge the petition to be confessed, and with the exception of the word "default," which may have more than a single application, there are none of the distinguishing marks of a judgment by default appearing in this judgment. The court gave full effect to the issue made by the answer. It took nothing as confessed, and proceeded to hear the evidence in the cause. It proceeded exactly as it would have done had defendant taken part in the trial and failed in his defense. In other words, he has had the full benefit of the issue he presented. When a defendant answers the petition and then defaults or fails to appear to the trial, the proper proceeding to a legal determination of the case is to go on with the trial by hearing the evidence the same as if the defendant was present. *Covell v. Marks*, 1 Scammon, 391; *Manlove v. Gallipot, Ib.* 390; *Terrill v. State*, 68 Ind. 155; *Maddox v. Pulliam*, 5 Blackf. 205; *Patton v. Hazewell*, 34 Barb. 421.

It is next insisted that the judgment is for more than is covered by the allegations of the petition. This contention is based upon the assumption that the petition altogether fails to allege that plaintiff incurred any expenses. Since the defendant failed to make any objection to the petition, and since a finding and judgment has now been had upon it, we must give the plaintiff the benefit of every intendment in its favor. The petition does not charge in terms that he was put to any expense, but it does allege that he was employed as a *traveling salesman* for a year at certain compensation and his expenses. It also charges that he entered upon the duties of such traveling salesman, in pursuance of the employment, and performed such duties

until a certain date when he was wrongfully discharged. Now we cannot say what the facts may have shown as to the expenses, or what kind or extent of expenses were included in the contract. We cannot say that such expenses did not include his board, etc., in which event the amount of the judgment could be easily accounted for. The judgment will be entered as directed in the foregoing opinion.