BOLAND v. THE GLENDALE QUARRY COMPANY, *Appellant.*

Division Two, March 18, 1895.

1. **Master and Servant**: WRONGFUL DISCHARGE: MEASURE OF DAMAGES. In an action by an employee for wrongful discharge by the master from his service, an instruction on the measure of damages is not erroneous which permits plaintiff to recover for the whole contract period, less his earnings from other sources, until the time of the trial and his prospective earnings to the end of the contract period.

2. **Practice**: INSTRUCTIONS. An instruction is not erroneous because it assumes a fact not controverted by the pleadings.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Chester H. Krum* and *Carl Otto* for appellant.

The full damages for the contract term could not be assessed in advance of the expiration of such term. 2 Sutherland on Damages, pp. 472, 473; *Lambert v. Hartshorne*, 65 Mo. 549; *Ream v. Watkins*, 27 Mo. 516; *Koenigkraemer v. Glass Co.*, 24 Mo. App. 124.

*W. B. Homer* for respondent.

(1) Where a servant is wrongfully discharged by his master, he may sue for breach of the contract at once. *Ream v. Watkins*, 27 Mo. 516; *Lambert v. Hartshorne*, 65 Mo. 549; *Pond v. Wyman*, 15 Mo. 175; *Nearns v. Herbert*, 25 Mo. 354; *Booge v. Railroad*, 33 Mo. 212; *Gonsolis v. Gearhart*, 31 Mo. 588; *Ehrlich v. Ins. Co.*, 88 Mo. 249. (2) The measure of damages in the case of wrongful discharge of the servant by the master is *prima facie* the contract price agreed upon for such services, subject to the right of the defendant to show what salary he received or might have received during the time contained in the contract and the amount to be allowed on account of what may be earned, subsequent to the trial, is a question for the jury under all the circumstances of the case. *Gonsolis v. Gearheart*, 31 Mo. 588; *Lambert v. Hartshorne*, 65 Mo. 549; *Ream v. Watkins*, 27 Mo. 516; *Booge v. Railroad*, 33 Mo. 212; *Pond v. Wyman*, 15 Mo. 175; *Miller v. Boot and Shoe Co.*, 26 Mo. App. 60; *Lally v. Cantwell*, 40 Mo. App. 44; *Koenigkraemer v. Missouri Glass Co.*, 24 Mo. App. 124.

GANTT, P. J.—The plaintiff on the eighteenth of January, 1890, entered into a written agreement with the defendant whereby he was employed by defendant as superintendent of its quarries and stone business for a period of three years, beginning April 1, 1890, and ending March 31, 1893, at a salary of $2,000 for the first year, payable in monthly installments of $166.66; and at a salary of $2,250 for the second year, payable in monthly installments of $187.50, and at a salary of $2,500 for the third year at $208.33 per month, in consideration of which he was to devote his time, labor and exclusive attention to the business of defendant and advance its interests.   Plaintiff entered upon its duties under the contract and served until May 9, 1891, when he was discharged.   He tendered his services but defendant refused to accept them after his dismissal. He commenced this action on the tenth day of September, 1892, and prayed for $5,000 damages for breach of his contract.

Defendant in its answer admits the contract and denies each and every other allegation in the petition. It then pleads, for further defense, that plaintiff did not faithfully perform his duties, caused defendant much loss and was discharged for failure to properly perform his duties, and, further, that, since his discharge, he has obtained other employment for which he had received more than he claimed from defendant.   A reply was duly filed.

The cause was tried January 9 and 10, 1894, and plaintiff obtained a verdict for $2,984.25, and judgment therefor with costs.   Defendant appeals.

The court, of its own motion, gave the following instructions on the measure of damages:

"The court instructs the jury that if they find their verdict for the plaintiff, they will fix their verdict for

the whole amount that would have been due the plaintiff it he had continued to work for the defendant under the contract sued upon from the date of his discharge until the expiration of the contract after allowing credit for anything which the evidence shows plaintiff may have earned from services rendered to others, and after allowing a further credit of an amount equal to what the jury may believe, from the evidence, he will be able to earn between now and the thirty-first day of March, 1893.''

To which said action of the court defendant then and there at the time duly excepted. The defendant asked no instruction on the measure of damages whatever.

In this court counsel for defendant have assailed the instruction because it permitted plaintiff to recover for the whole contract period, less his earnings up to the date of the trial and his prospective earnings to the end of the contract.

The instruction substantially states the law as it has been settled in this state since *Ream v. Watkins* (1858), 27 Mo. 518. That case was followed and approved in *Lambert v. Hartshorne* (1877), 65 Mo. 549. In the last mentioned case it was said: ''In an action for wrongful discharge brought before the expiration of the term, the general rule is that the measure of damages can not exceed the contract price; neither is it necessarily the full contract price, for, as stated in *Ream v. Watkins*, 27 Mo. 516, a plaintiff may, after his dismissal, sue and recover a judgment and then obtain employment elsewhere, and receive for the residue of the term as much or more than by the broken contract he would have been entitled to if he had served his time out  *  *  *'' and therefore the measure of damages is a question for the jury under all the circum-

stances of the case.   These cases were again quoted with approval in *Ehrlich v. Ins. Co.* 88 Mo. 257.

In *Pond v. Wyman*, 15 Mo. 183, the rule and the reason for it were clearly stated:   "It makes the contract price the measure of the plaintiff's recovery, unless the defendant, by evidence, shows that the damage actually sustained is less than the price agreed upon.   This we regard as a sufficient concession to the person who has violated a contract by which he was bound to pay a certain price to another, for services to be rendered.   The plaintiff, who has been prevented, by the act of the defendant, from receiving the compensation agreed upon, when he is without default, is entitled to ask a full indemnity, *and the onus of reducing the recovery, is properly thrown upon the defendant.* It is almost impossible to lay down any rule for this reduction, that will be comprehensive enough to embrace all cases, and yet be particular and special enough to be of any practical utility.   To the extent that the time of the plaintiff, which would be required to perform his contract, has been employed in business, not more laborious, and equally profitable, it is evident that he would not be injured by the violation of the contract.   Yet, to give him the full benefit of his contract, he must be entitled to the difference in advantage, in ease and profit, between the service he was to perform, and the business substituted for that service, although his whole time may have been employed."

In *Miller v. Boot and Shoe Co.*, 26 Mo. App. 61, the St. Louis court of appeals reaffirms the rule in a case on all fours with this.   Says the court:   "The plaintiff's damage for breach of a contract of employment, for a time certain, is *prima facie*, the contract price agreed upon for his services.   It is, unquestionably, his duty to use reasonable efforts to find other similar employment, if he can, but that he has obtained

such employment, or that, by reasonable efforts, he might have obtained it, it is incumbent upon the defendant to show in mitigation of damages. Wood on Master and Servant, pp. 245, 246; *Koenigkraemer v. Glass Co.*, 24 Mo. App. 124. In this case, the trial took place more than six months after the discharge, and within one and one half months prior to the expiration of the contract time of service. The plaintiff had given evidence in full of his efforts to obtain similar employment, after his discharge, and prior to the trial, in St. Louis, Bloomington, Chicago, Rochester, and Cincinnati, all of which efforts proved unavailing. He was thoroughly competent to judge of the probabilities as to whether similar efforts in the month and a half yet remaining would meet with any success. That he assumed the burden of proof on this subject, is a matter of which the defendant is in no position to complain."

And the doctrine has been very fully gone over in the recent case, in the Kansas City court of appeals, of *Halsey v. Meinrath*, 54 Mo. App. 341, in the following language: "The suit was brought before the expiration of the term of the contract for which plaintiff alleged he was employed. A servant wrongfully discharged may treat the contract of hiring and service as continuing and bring a special action against the master for breaking it by discharging him, and this remedy he may pursue, whether his wages are paid up to the period of his discharge or not. *Ream v. Watkins*, 27 Mo. 516. And the general rule in cases of this kind is, that the measure of damages can not exceed the contract price, neither is it necessarily the full contract price, for it may be that the plaintiff may, after his dismissal, sue and recover a judgment and then obtain employment elsewhere and receive, for the residue of the term, much more than by the contract he would

Boland v. The Glendale Quarry Co.

have been entitled to if he had served out his term. The damages must depend on the kind of service to be performed and the wages to be paid, and allowance should be made for the time that would probably be lost before similar employment could be obtained. In some pursuits it may be almost certain that the dismissal of a person at a particular season will throw him entirely out of employment for the residue of the year, whilst in other pursuits similar employment could readily be obtained elsewhere on better terms, and therefore the amount of the damages is a question for the jury under all the circumstances. *Lambert v. Hartshorne*, 65 Mo. 551. * * *

"But it is suggested that the plaintiff could only recover such damages as had resulted at the time of the commencement of the suit. This is an error. The plaintiff was entitled to such damages as accrued up to the expiration of his term of service in a case like this where the damages were of a continuing character. *Lally v. Cantwell*, 40 Mo. App. 50; *Miller v. Boot & Shoe Company*, 26 Mo. App. 61; *Ream v. Watkins, supra; Lambert v. Hartshorne, supra*. We must indulge every presumption in support of the judgment."

Both of the appellate courts have followed the decisions of this court and a rule so long established should not be disturbed, save for the most cogent reasons.

No error was committed in the instruction, upon the facts in evidence. It gave the jury full latitude to allow defendant every deduction to which it could be entitled under the law. The plaintiff's evidence of his effort to obtain other employment was uncontradicted and the jury credited defendant, not only with what he had received, but what he would likely receive to the end of the term of service.

II. The competency of plaintiff was conceded on the trial, and there was no error in assuming a fact that defendant did not controvert in his pleadings. Defendant nowhere in its instructions questioned the competency of plaintiff. It tendered the sole issue that he had not faithfully performed his duties.

III. Appellant has not pointed out any error in the admission or exclusion of evidence. The verdict is not excessive and is evidently for the right party. The judgment is affirmed. BURGESS and SHERWOOD, JJ., concur.