M. D. HANSARD, Respondent, v. THE MENDERSON CLOTHING COMPANY, Appellant.

### St. Louis Court of Appeals, February 15, 1898.

1. **Pleading : DEPARTURE: MOTION TO STRIKE OUT: WAIVER.** Defendant, by going to trial after the overruling of its motion to strike out for an alleged departure in the pleading, waived the consideration of the merits of the motion.

2. **Contract of Hire: MEASURE OF DAMAGES: EVIDENCE.** In an action for the breach of a contract of hire, the contract price for the unexpired term is *prima facie* the measure of damages to which plaintiff is entitled. *Miller v. Boot & Shoe Co.*, 26 Mo. App. 57.

3. **Instruction.** An objection to an instruction that it did not specifically set out the defense of disobedience, was not well taken, where the instruction predicated plaintiff's right to recover upon a wrongful discharge, and the general terms of the instruction were specifically explained in instructions for defendant.

*Appeal from the Barry Circuit Court.*—Hon. J. C. Lamson, Judge.

Affirmed.

*Cloud & Davies* for appellant.

Plaintiff's action is for constructive services. Such action will not lie in this state. *Stone v. Vimont,* 7 Mo. App. 277; *Bennett v. Car Roofing Co.,* 23 *Id.* 587; *Evans v. R'y,* 24 *Id.* 118; *Ehrlich v. Ins. Co.,* 88 Mo. 257.

Plaintiff might have treated the contract as rescinded and sued on a *quantum meruit,* for services actually performed, or he might have brought his action for breach of contract, and in the former case he could only recover up to the date of his discharge. *Ehrlich v. Ins. Co., supra;* Wood on Mas. & Ser. 237; Bliss on Code Plead., sec. 17; 2 Par. on Contracts, 34. But he can not pursue both remedies in separate actions; a judgment upon one is a bar to a further action. *Cobun v Woodworth,* 31 Barb. 381; Wood on Mas. & Ser., 237; *Bogge v. R. R.,* 33 Mo. 216; *Soursin v. Salogne,* 14 Mo. App. 486; *Keedy v. Long,* 5 L. R. A. 759.

Plaintiff having commenced his action as for services performed could not amend so as to declare on a breach of contract. *Scoville v. Glassner,* 79 Mo. 449.

*Joseph French* for respondent.

A servant wrongfully dismissed may immediately bring suit for a breach of the contract. *Bogge v. R. R.,* 33 Mo. 212; *Soursin v. Salogne,* 14 Mo. App. 487.

Defendant having gone to trial after the overruling of its motion to strike out waived consideration of the merits of the motion. *Scoville v. Glassner*, 79 Mo. 454.

BOND, J.—The petition in this case is as follows:

"Comes now the plaintiff and for amended cause of action states that the defendant is a corporation doing a general clothing business in the city of Cincinnati, in the state of Ohio; that on the 1st day of December, 1894, the defendant entered into a written contract with plaintiff by which it agreed to employ the plaintiff for a period of one year from said date as as a traveling salesman to sell defendant's goods, and agreed to pay plaintiff as a salary therefor $1,200 per year and agreed to pay the same monthly at $100 per month and to pay his traveling expenses incurred while transacting the business of defendant, which contract is filed herewith and made a part of this statement; that plaintiff entered upon the discharge of his duties under said contract and worked for the defendant from the 1st day of December, 1894, and up to the 14th day of November, 1895, as traveling salesman for the defendant in the sale of its goods in the territory assigned to him by the defendant; that on said 14th day of November, 1895, the defendant discharged plaintiff and ordered him to send in his samples and notified him that his services were no longer wanted by defendant; that plaintiff was ready and willing at all times to fulfill his contract with defendant, but was prevented from doing so by defendant as aforesaid; that defendant paid· to plaintiff for his services so rendered, the following amounts to wit (here follows an itemized statement of credits, being the same as set out in the amended statement filed with justice with the addition of the item "By volun-

tary credit $50") leaving a balance due from defendant to plaintiff for the last three months' services in the sum of two hundred and fifty dollars ($250) for which amount he asks judgment and for costs."

Defendant moved to dismiss the petition as prematurely filed. This being overruled it moved to strike out the petition as a departure from the original cause of action alleged. This being overruled, it moved to abate and dissolve the attachment sued out by plaintiff. This being overruled, it asked a continuance of the cause, which was granted to the next term of the court, when the parties submitted the issues to the jury upon the evidence then adduced, and a verdict and judgment were given for plaintiff for $200, from which defendant appealed.

By proceeding to trial after the overruling of its motion to strike out for an alleged departure in the pleading, defendant waived the considera-

PLEADING: departure: motion to strike out: waiver.

tion of the merits of such motion on this appeal. *Bender v. Zimmerman*, 135 Mo. *loc. cit.* 57; *Scoville v. Glassner*, 79 Mo. *loc. cit.* 454; *Fuggle v. Hobbs*, 42 Mo. *loc. cit.* 541. This disposes of all the assignments of error in appellant's brief predicated upon the assumption of error in the ruling of the lower court on the motions interposed by defendant before putting in its answer. The amended petition in this cause must be held to state a cause of action for breach of the contract declared

CONTRACT of hire: measure of damages: evidence.

upon under the ruling of the supreme court in *Booge v. R. R.*, 33 Mo. *loc. cit.* 216, where it is held that a petition containing similar recitals as the one before us, as to the amount due, meant thereby to claim damages for a breach of contract which had been alleged in the former averments of the petition. In an action for breach of contract of hiring the contract price for the unexpired term is

*prima facie* the measure of damages to which the plaintiff is entitled. *Miller v. Boot & Shoe Co.*, 26 Mo. App. 57. Whatever has been received in similar employment or might have been received by reasonable efforts, is admissible in mitigation of damages, but the burden of showing this rests upon the defendant. The foregoing disposes adversely to appellant of all of its assignments of error, except the one relating to the instructions given for plaintiff. An examination of these discloses that every theory of defendant's case which it was entitled to have submitted under the record, was presented in instructions given on its behalf. The complaint that instruction number 1 does not specifically set out the defense of disobedience, can not be sustained in the light of the fact that the instruction in question predicates plaintiff's right to recover upon a wrongful discharge, notwithstanding full compliance on his part with his contract and full discharge of his duties as salesman. These general terms in instruction number 1 are specifically explained in the instructions for defendant, wherein the jury were told that disobedience of the lawful orders of his employer would justify plaintiff's discharge. No reversible error appearing, the judgment will be affirmed. All concur.